## No. 10,555

### Orleans

---

## CROFT v. SOUTHERN HARDWOOD LUMBER CO., ET AL.

---

(November 28, 1927. Opinion and Decree.)

---

*(Syllabus by the Court)*

1. **Louisiana Digest—Damages—Par. 62, 66; Automobiles—Par. 9.**

The measure of damages which a plaintiff may recover against a defendant who has injured his automobile in a collision is the cost of having his car made as good as it was before the accident.

2. **Louisiana Digest—Automobiles—Par. 9; Damages—Par. 62, 66.**

For the temporary deprivation of its use plaintiff is entitled to recover the rental value of his car during the time required to make the repairs by the exercise of proper diligence.

3. **Louisiana Digest—Automobiles—Par. 9; Damages—Par. 62, 66.**

He is not entitled to speculative profits he might have made if he had not been deprived of his car.

4. **Louisiana Digest—Automobiles—Par. 9.**

A plaintiff whose car is damaged by the defendant is not bound to permit the repairs to be made by defendant or by a mechanic selected by him.

Appeal from Twenty-fourth Judicial District Court for the Parish of Jefferson. Hon. L. Robert Rivarde, Judge.

Action by Edward S. Croft against Southern Hardwood Lumber Co., et al.

There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

Charles J. Larkin, Jr., of New Orleans, attorney for plaintiff, appellee.

J. C. Querens, of New Orleans, attorney for defendant, appellant.

CLAIBORNE, J. Plaintiff's claim is for damages to his automobile.

He alleges that on March 3rd, 1925, at 2:15 P. M., he had parked his Ford car near the right-hand curbing of the Metairie Cemetery Road and that while so parked it was run into from the rear by a Ford truck belonging to the defendant and operated by Arthur Williams employed by the defendants as their chauffeur; that plaintiff's car was damaged to the extent of $82.60, according to a detailed statement attached as part of the petition; that the said car was laid·up for repairs for eight days from March 4th to 15th, that plaintiff is a traveling salesman which requires some kind of transportation; that the only transportation he had was his Ford, and that by his deprivation of the "use of it" he estimates that he suffered on an average loss of $8 per day or a total of $64. He claims $146, and prays that the defendant partnership and the two members thereof be cited and condemned in solido.

The defendants filed a general denial.

There was judgment for plaintiff and defendants have appealed.

The case comes up on an agreed statement of facts.

The defendant admitted running into plaintiff's car.

Plaintiff offered in evidence the bill of the Jarreau Motors Company for $47.35 for materials and $35.25 for labor for repairing plaintiff's car. He testified that the loss of the use of his car caused him a damage on an average of $8 per day.

The defendants' defenses are:

1st. That the plaintiff's car was parked upon a part of the road upon which was the following sign erected by the Department of Public Safety of New Orleans:

"Parking prohibited in this block."

The violation of this prohibition was no justification for defendant's illegal act. They are still liable for the damage done by them unless they proved that they could not have avoided it by the exercise of reasonable care. The chauffeur made no such proof. McChanahan vs. Vicksburg S. & P. Ry. Co., 111 La. 781, 35 So. 902; Blackburn vs. L. R. & N. Co., 80 So. 708; Berry S. 386.

2nd. They examined the damage done to plaintiff's car and estimated it at $35 and offered to repair the damage themselves or to have it done by competent mechanics. This, plaintiff refused.

The plaintiff was not bound to submit to either proposition. He had a right to make the repairs himself or to have them made by mechanics of his own choice.

The correctness of the bill of $82.60 is sufficiently established. There is no evidence to impeach any single item.

But the claim of $8 per day for loss of profits is not shown. In the first place there is no evidence that eight days were required to make the repairs.

The plaintiff was an itinerant country vendor of brooms and brushes. There is no proof that before the accident his earnings were $8 a day. He did not hire another auto.

His alleged profits were speculative and problematical. These the law does not grant. Gobet vs. Municipality No. 1, 11 La. Ann. 300; Bergen vs. City of New Orleans, 35 La. Ann. 523; Louisiana & N. O. Ice Co. vs. Parker, 42 La. Ann. 669, 7 So. 898; Hafner Mfg. Co. vs. Lieber Lbr. & Shingle Co., 127 La. 348, 53 So. 646; 139 U. S. 199; 2 La. Dig. 481, No. 4; Huddy, Sec. 722, note 37; 723, note 44; Sec. 717; p. 951, note 50.

The plaintiff, however, is entitled to have his car made as good as it was before the accident. 158 La. 46.

For the temporary deprivation of its use plaintiff is entitled to recover the rental value of his car during the time required to make the repairs by the exercise of proper diligence. Reisz vs. Kansas City Southern R. Co., 148 La. 930, 88 So. 120; Sherwood vs. American Ry. Express Co., 158 La. 43, 103 So. 436; Huddy, Sec. 722-723.

There is no evidence of the rental value, none that plaintiff hired another car, and none as to the time consumed to make the repairs.

It is therefore ordered that the judgment herein be amended by reducing the amount allowed to the plaintiff from one hundred and forty-six and 60-100 dollars to eighty-two and 60-100 dollars, and as thus amended that the judgment be affirmed; the defendants to pay costs in both courts.

Judgment amended and affirmed.