No. 3595

Second Circuit

HAYS v. BRANTLEY

(March 24, 1930. Opinion and Decree.)
(April 10, 1930. Rehearing Refused.)

Goff & Barnette, of Arcadia, attorneys for plaintiff, appellee.

J. Rush Wimberly, of Arcadia, attorney for defendant, appellant.

ODOM, J. The plaintiff was driving his Ford coupe south on a public road running from Arcadia, La., and, when about three miles out of town, he met an automobile being driven by the defendant, Brantley. The two cars collided, causing injury to plaintiff's car, for which he brings the present suit.

Herschel W. Pruett was riding with plaintiff in the car at the time and was injured, and brought suit against the defendant for personal injuries—the suit being styled "Herschel W. Pruett v. Joseph B. Brantley," which case is also before this court on appeal, and we have this day decided it and handed down the opinion (127 So. 2). As the facts and circumstances in the Pruett case are identical with those in the present case, it is unnecessary to here detail them again. In the Pruett case, we held that the collision was due to the fault and negligence of the defendant, Brantley.

The plaintiff offered in evidence, in this case, a detailed statement made out by an automobile mechanic showing that it would cost for parts and labor, $209.25, to repair plaintiff's car. He alleged and swore that if the repairs designated were made to the car, it would still be worth $100 less than before the damage. The car cost him, new, $558 and had been used for only a short time. Plaintiff testified that he did not have the money to have the repairs made and was, therefore, forced to sell it in its then condition for $212. Considering that the car at the time of the injury was worth as much as when new, he lost $346 by the transaction. The district judge allowed him $309.25, and we think that judgment does substantial justice.

Plaintiff alleged in his petition that he had paid out $209.25 to have the car repaired, and on trial it developed that he had not in fact paid anything, but had only gotten an estimate on what it would cost to repair the car. Defendant objected to any testimony showing what it would cost to repair the car for the reason that plaintiff had alleged that he had actually paid the above amount to have the car repaired. The district judge permitted the testimony to go in, and, under the circumstances, we have considered it. The fact that the money was not actually paid for the repairs is no reason why plaintiff should not recover for the damage to his car, which he proved.

For the reasons here assigned, and for the reasons set out in the case of Herschel W. Pruett vs. Joseph B. Brantley, numbered 3606 on our docket, this day decided, it is ordered and decreed that the judgment appealed from in the present suit be affirmed, with all costs in both courts.