No. 4186

Second Circuit

———

E. B. NORMAN & CO. v. MULHEARN

———

(December 9, 1931.   Opinion and Decree.)

———

Geo. Wesley Smith, of Rayville, attorney for plaintiff, appellee.

McHenry, Montgomery, Lamkin & Lamkin, of Monroe, attorneys for defendant, appellant.

DREW, J.   This case arose out of an automobile collision between plaintiff's car and defendant's car, at a point on the public highway about eight miles south of Columbia, La.   Plaintiff sued for the damage to his car, and was awarded judgment in the lower court.

The necessary allegations of negligence on the part of defendant were made, and on trial of the case defendant admitted his negligence and pleaded contributory negligence on the part of plaintiff; therefore the only questions for determination by this court are the plea of contributory negligence, and the amount of damage done to plaintiff's car.

There were only four witnesses to the accident; plaintiff and his companion, who was riding on the seat with him, and defendant and his companion, who was riding on the seat with him.   The admitted facts are that the road had been graded for the purpose of gravelling or paving it, and on each side of the road there was an embankment of dirt and gravel that had been scraped from the road.   Between these two embankments, the road was eighteen to twenty feet wide, and in very good condition.   Plaintiff was traveling north and defendant south at the time of the accident.

On every important question in the case, the testimony of plaintiff and his companion is the same, and directly in conflict therewith is the testimony of defendant and his companion, which is the same.   The accident occurred at the top of a slight hill, with a small incline each way, and

where there was a slight curve in the road. Plaintiff and his companion testified that he was on his right side of the road traveling about forty miles per hour, that they saw defendant's car about one hundred feet before it reached the scene of the accident, and that on seeing the approaching car, plaintiff pulled as far as possible to the right, placing his front wheels upon or across the embankment of dirt and gravel, on his right side of the road. Defendant and his companion testified that he was traveling about forty-five miles per hour in the center of the road, with his left wheels to the left of the center, and that plaintiff was traveling fifty miles or fifty-five per hour in the center of the road, with his left wheels to his left center of the road; that defendant saw plaintiff's car when within seventy-five or one hundred feet of the place of accident, at which time both attempted to turn to their right, but it was too late, and the two cars sideswiped.

The testimony of no one of the witnesses is unreasonable, and, so far as the record discloses, it is of equal credibility. The location of the cars after the accident corroborates the testimony of plaintiff and his companion. After the accident, plaintiff's car was on its right side of the road, the back end in the ditch, and the front end across the embankment of dirt and gravel, facing towards plaintiff's left. Defendant's car was in the center of the road, facing the defendant's left. Plaintiff's car was struck about the front left wheel and cowl, and side-swiped all the way back. Defendant contends that at that point the dust caused by two cars that had passed a few moments before the accident, together with the smoke from the burning woods on both sides of the road, prevented him and plaintiff from seeing, and that it was negligence for plaintiff to drive at the speed he was traveling under those conditions.

The evidence discloses that the road was dusty, and there was some smoke which created a hazy condition, but did not entirely obscure the vision, as is shown by the testimony of all the witnesses that plaintiff and defendant saw each other at a distance of seventy-five or one hundred feet. Plaintiff testified that the only reason he did not see defendant's car at a greater distance was due to the slight curve in the road, and not to the dust and smoke.

The cases cited by defendant, viz.: Dominick v. Haynes Bros., 13 La. App. 434, 127 So. 31; Woodley v. Schusters' Wholesale Produce Co., 170 La. 527, 128 So. 469; Castille v. Richard, 157 La. 274, 102 So. 398, 37 A. L. R. 586; are not applicable under the facts in this case. He who alleges contributory negligence must prove it. The burden is upon him, and in this case defendant has failed. He neither has a preponderance of testimony nor is his testimony corroborated by the physical facts; that is, the location of the cars after the accident. Defendant and his companion contend that plaintiff admitted his negligence after the accident. This is denied by plaintiff and his companion. The lower court found for plaintiff, and we find no error in the judgment.

The testimony as to the damage of the car is that it required an outlay of $945.90 to put it back in as good shape as it was before the accident, and that is exactly what the law requires. That is the test of the amount of damage. It is true that the car was not put in the same condition as before the accident, and that plaintiff

did not have any work done on it. He sold the car for the towing and storing charges, and received a credit of $250 on a new car whenever he is ready to buy one. The purchaser of the wrecked car of plaintiff, at a cost of over $500, repaired it with parts taken from another car that had burned. It is shown not to have been put in the same condition as before the accident. There is no denial of the testimony of the garage owner that it would take $945.90 to have repaired the car and make it as good as before the accident. The lower court took this testimony and awarded judgment in that amount, which, we think, is correct. Therefore the judgment of the lower court is affirmed, with all costs.