## CIOLINA v. PATTON.
### No. 14467.

Court of Appeal of Louisiana. Orleans.
June 12, 1933.

Joseph Rosenberg, of New Orleans, for appellant.

S. C. Hartel, of New Orleans, for appellee.

JANVIER, Judge.

This case grows out of an automobile collision at the corner of Franklin avenue and North Galvez street. At that point Franklin avenue is sometimes known as Almonaster avenue.

Plaintiff was driving his Chevrolet sedan on Franklin avenue going in the direction of Lake Pontchartrain, and defendant was driving his truck down North Galvez street. Just as the truck of defendant emerged from the neutral ground of Franklin avenue into the lower roadway the collision occurred.

Plaintiff obtained judgment in the lower court for $75 and, maintaining that the amount of the judgment should have been $120, has answered the appeal taken by defendant.

In the court below, defendant, by reconventional demand, asserted that the cause of the accident was the negligence of plaintiff himself and sought reimbursement for damages caused to his truck.

■ It is well established that, while defendant was crossing Franklin avenue, on reaching the neutral ground, he did not stop his truck, and it necessarily follows that he was not entitled to the right of way across the lower side of Franklin avenue. He was, therefore, at fault in proceeding without affording plaintiff an opportunity to pass.

■ Plaintiff, who was driving along Franklin avenue, was justified in assuming that defendant would stop on the neutral ground, and there was no duty in him to stop his car and to afford defendant the right of way, since defendant did not do what he was required to do by law, that is, stop his automobile on the neutral ground, sound his horn, and afford plaintiff an opportunity to stop.

■ We feel, as did our brother below, that the proximate cause of the accident was the failure of defendant to stop his car before emerging into the roadway on the lower side of Franklin avenue.

■■ The amount awarded cannot be increased. The automobile of plaintiff had cost him only $75 about a year before, and it is difficult for us to believe that the damage caused it could have been as great as he contends it was. There is no doubt that under the jurisprudence of this state he would not be limited in his recovery to the amount which he had previously paid for the car, Bianchi v. Mussachi, 1 La. App. 291; Croft v. Southern Hardwood Lumber Co., 7 La. App. 274; Baudine v. Teche Transfer Co., 15 La. App. 90, 130 So. 60; E. B. Norman & Co. v. Mulhearn, 18 La. App. 253, 138 So. 211, but a careful review of the evidence leaves us convinced that the estimates upon which plaintiff relies are somewhat in excess of what would actually have been necessary to put the car into the condition in which it was prior to the accident, and we therefore feel that the ends of justice will be best served by an affirmance of the judgment.

The judgment appealed from is affirmed.

Affirmed.