**HEARTFIELD et ux. v. KORY (BAUMAN BRAKE SERVICE, Intervener).**

No. 4957.

Court of Appeal of Louisiana. Second Circuit.

Feb. 5, 1935.

Irion & Switzer, of Shreveport, for appellants.

Thos. W. Robertson and John T. Carpenter, both of Shreveport, for appellee.

TALIAFERRO, Judge.

This litigation is an aftermath of a collision between the De Soto sedan of plaintiffs, driven by Mrs. Heartfield, and the Ford sedan of defendant, while being driven by him, in the intersection of Line avenue and Wilkinson street in the city of Shreveport, near the noon hour, August 20, 1933. Line avenue is a right of way street, under the laws of the city of Shreveport. Traffic entering it from the east and west is required to stop before doing so. The Heartfield car was traveling south on the avenue. The Kory car was going west on Wilkinson street and struck the De Soto sedan head-on about the center of its left-hand side. Besides Mr. Kory, his wife and child were in his car. They had visited relatives in Louisiana, and were en route to their home in California when the accident occurred.

The plaintiffs seek to recover for damages done to their car. Mrs. Heartfield sues to recover an amount alleged to be due her because of the shock and physical injuries received by her in the accident. They attached the car of defendant while undergoing repairs in a garage. Responsibility for the collision is charged to defendant. Specific acts of negligence and carelessness on his part, the proximate cause of the collision, are alleged to be these: That he was driving his car at a speed of not less than 35 miles per hour on Wilkinson street, in violation of the traffic laws of the city, and did not stop his car before undertaking to enter and cross Line avenue, although the word "Stop," in large white letters, was painted across the street several feet east of the intersection area; that he failed to maintain a proper lookout for traffic conditions ahead of him, and especially immediately prior to entering the intersection. Lack of any sort of negligence on the part of Mrs. Heartfield is affirmatively alleged, and, additionally, it is alleged that the situation created by defendant's negligence was such that she could not have averted the collision, regardless of any effort on her part to do so.

Defendant denies any negligence or lack of care on his part, and avers that the accident was caused solely by the negligence of Mrs. Heartfield, in that she was driving her own car at a reckless and illegal rate of speed, without efficient brakes, at the time of the collision, and cut her car in front of and across the path of travel of his car, thereby making a collision inevitable. By way of reconvention, he sues plaintiffs for damages done to his car, attorney's fees for the illegal attachment of his car, transportation costs from Shreveport to his home in California, and for physician's bill for services to his wife immediately after the collision. By answering, he subjected himself to the court's jurisdiction.

The Bauman Brake Service, owned and operated by S. H. Bauman, to which the Kory car was taken for repairs, intervened in the suit, asserting a lien and privilege on the attached car for repairs amounting to $94.80.

The lower court rejected the demands of plaintiffs and defendant, but gave Bauman judgment for $53. Plaintiffs appealed. Intervener, by way of answer to the appeal, prays that the judgment in its favor be increased to the full amount of its repair bill.

The testimony discloses that Mrs. Heartfield, as she approached and entered the intersection, was going at a legal rate of speed and on her side of the street. As she had the right of way, she was within her rights and within the law when she entered the intersection at a time it was not preempted by another vehicle. Defendant testified that she was going 60 miles per hour when the collision occurred. We are quite certain he is in error in so testifying. He also testified that he stopped his car before leaving Wilkinson street. His wife corroborates him in this respect. Immediately after the collision, while the facts were fresh in his mind, he stated to several persons who arrived on the scene that he did not stop at all before trying to cross the avenue. Mrs. Heartfield says he did not stop. He admitted he was traveling at a rate of speed of 25 to 30 miles per hour. So far as concerns his responsibility for the accident, it is immaterial whether he stopped or did not stop at the sign on Wilkinson street. If he did stop, as he says he did, and failed to see plaintiffs' car coming to his right, and heedlessly drove into it, he was negligent in doing so, because the day was clear and there was no obstruc-

tion to his vision to prevent him from seeing it. If he simply stopped and did not carefully look and listen for traffic on the avenue which would interfere with his safely entering the intersection, the responsibility for the collision would rest primarily on him. So, accepting defendant's own version of the facts as true, he is in the predicament of having observed the "Stop" sign, and yet did not see or hear plaintiffs' car in plain view. A motorist is not absolved from primary responsibility for intersectional collision between his own car and that of another on a right of way street by simply stopping, on less favored street, in obedience to sign or signal light. He is required to look and listen for traffic to his right and left, and, if he fails to see and hear that which, by ordinary care, he could and should have seen and heard, his negligence is almost as great in that respect as if he had not looked and listened at all. Mrs. Mary Marsiglia v. Mrs. George Toye et al., 158 So. 589, decided by Orleans Court of Appeal, January 21, 1935.

It is argued, apparently in palliation of defendant's negligence, that the "Stop" sign on Wilkinson street had faded to some extent and was indistinct, and, as Kory was a stranger in the city, unacquainted with its traffic regulations, leniency should be extended to him for these reasons. Kory's own testimony is a complete answer to this argument. He says he saw the sign and did stop. His wife says she saw the sign.

■ The proved cost of repairing the Heartfield car is $75. Mrs. Heartfield sued for only $200 for her injuries. We think she has proved her right to recover this amount. The impact between the cars was quite heavy. She was shocked badly. There were bruises pretty well over her entire body, the most severe being on the left thigh, left leg, and left hand. These bruises and the nervous shock, in the opinion of the attending physician, would all disappear in ten days or two weeks. He was correct in his opinion. She remained in bed two or three days.

There is a stipulation in the record signed by the attorneys for all parties that, in event plaintiffs succeed in their demands against Kory, the intervener's claim should be fixed at the amount for which he was given judgment in the lower court, but, should plaintiffs' demands be rejected, intervener should have judgment for the full amount of his account.

For the reasons herein assigned, the judgment appealed from, in so far as it rejects plaintiffs' demands, is annulled, reversed, and set aside; and, for said reasons, the law and evidence being in favor thereof, it is now ordered, adjudged, and decreed that plaintiff Clinton A. Heartfield do have and recover judgment against defendant Louis H. Kory for the sum of $75, with 5 per cent. per annum interest from judicial demand until paid; and that plaintiff, Mrs. Ruby Heartfield, do have and recover judgment against defendant for the sum of $200, with 5 per cent. per annum interest from judicial demand until paid.

It is further ordered, adjudged, and decreed that the writ of attachment issued herein, and the lien and privilege resulting from levy thereof, be, and the same are hereby, recognized, maintained, and rendered executory upon the property seized thereunder, and said property is hereby ordered seized and sold, after due advertisement and appraisement, to pay and satisfy this judgment; that from the proceeds of such sale plaintiffs be paid by preference and priority over all other creditors, excepting the Bauman Brake Service, whose lien and privilege, it is hereby decreed, primes that of plaintiffs. In all other respects, the judgment appealed from is affirmed, with costs.