## DIXON v. FUTCH.
### No. 5173.

Court of Appeal of Louisiana.
Second Circuit.
March 2, 1936.

Harvey G. Fields, of Farmerville, for appellant.

Munholland & Munholland, of Monroe, for appellee.

HAMITER, Judge.

At approximately 12 o'clock noon on March 20, 1935, plaintiff was driving his Lincoln sedan, weighing 5,200 pounds, south on Jackson street in the city of Monroe, going to his home for lunch. As he proceeded across Calypso street, a Plymouth sedan, having a weight of 2,900 pounds, and being owned and driven by defendant, entered the intersection from the east and crashed into plaintiff's car.

Under section 31 of Ordinance No. 2550 of the city of Monroe, which we find in the record, Jackson street, in the locality of the collision, is classified and designated as a right of way street, and vehicles traveling thereon are granted the right of way over all vehicles crossing or turning into such street from any intersecting thoroughfare. Further, any person driving a vehicle from any intersecting street across or into Jackson is required to bring the vehicle to a full stop at a point not more than fifteen feet from such right of way street, and not proceed until he has ascertained that no vehicle is traveling the right of way street sufficiently near to the intersecting street to render collision or accident probable. The maximum speed permitted on Jackson street at the point of accident, according to section 29 of such ordinance, is 25 miles an hour.

Plaintiff claims that his car was damaged in such collision to the extent of $286.50, and has asked judgment for that amount in this suit, which was filed in the city court of the city of Monroe, Ouachita parish, La.

An exception to the jurisdiction of the court ratione personæ and ratione materiæ was filed by defendant, and was overruled. Thereafter, reserving his rights under such exception, defendant answered, denying that he was at fault and charging negligence to the plaintiff. A reconventional demand for the sum of $50 was incorporated in defendant's answer. Plaintiff was granted judgment as prayed for, and defendant prosecuted this appeal. The reconventional demand is not mentioned in the judgment, and it is considered as having been rejected.

Defendant has urged, in this court, his exception to the jurisdiction, and we shall give it first consideration. He contends that as he is domiciled in Union parish, La., he cannot be subjected to the process of the city court of Monroe in an ordinary suit. The maximum jurisdictional amount of that court in civil cases is $300, exclusive of interest, and it has been constituted, by legislative act, a court of record in suits where the amount involved is in excess of $100, exclusive of interest. Sections 1 and 2 of Act No. 20 of 1924. And being a court of record, the ordinary rules of practice, pleading and procedure observed in district courts govern. Section 13 of Act No. 223 of 1928. According to the procedure and practice of the district courts, suits for damages ex delicto may be brought either at the place where the defendant is domiciled, or where the damage was done or the cause of action arose. Code Prac. art. 165, par. 9. The collision having occurred within the jurisdictional limits of the city court of Monroe, and the suit being for an amount less than $300 and in excess of $100, such court has jurisdiction over defendant and the matter involved. The exception to the jurisdiction was properly overruled.

The only eyewitnesses to the collision are the parties litigant. Plaintiff's version of it is that he was driving on the right-hand side of Jackson street, at a rate of speed not exceeding twenty miles per hour; that as he was crossing Calypso street, the Plymouth car, driven by defendant, struck his Lincoln sedan at a point about the center of the left rear fender, causing plaintiff's car to overturn on its right side; that he saw defendant approaching from the left side just before the accident occurred; that defendant's car appeared to be picking up speed at the time of the collision; that it was impossible for him to avoid the collision; and that one traveling west on Calypso street, as defendant was doing, has a plain and unobstructed view of that intersection.

Defendant's testimony in substance is that he stopped from 1½ to 2 minutes when he reached the intersection; that he saw a car approaching from the south and another from the north and waited until both passed; that he then looked both ways, and as the street in both directions appeared to be clear, he proceeded; that he started in low gear, and as he prepared to shift to second gear, being at that time about the center of the intersection, he discovered plaintiff's car; that plaintiff was driving not less than forty miles per hour; that he, defendant, was running about ten miles an hour at the time of the collision; and that the right fender, bumper, and radiator of his Plymouth were damaged.

As both of the eyewitnesses are parties in interest, and their testimony is conflicting in many respects, it is perhaps best that we obtain assistance from the physical facts. The Lincoln car traveled not over eight feet from the time it was struck until it was overturned. There was neither skidding nor scratching of the Lincoln car after its side came in contact with the pavement. These facts, particularly when the tremendous weight of plaintiff's car is considered, and the further fact that the city and parish schools in that vicinity were recessing at the time of the accident, and numerous children were on the street, tend to corroborate the testimony of plaintiff that he was driving at a lawful rate of speed. Besides, it is difficult to believe that defendant could have properly ascertained plaintiff's speed if the Lincoln car was not seen until it was almost in front of him. Plaintiff, therefore, being in no manner negligent, possessed the superior right to the use of the intersection at the time of the collision.

In a well-prepared written opinion, the trial judge has correctly announced the legal conclusions to be drawn from the evidence in the record. We quote from his opinion:

"From the evidence, we believe that both vehicles entered the intersection at about the same instant. Therefore, there being no evidence of unlawful speed on part of plaintiff it devolved upon defendant, occupying the inferior street, to remain standing, where he claims to have stopped, until plaintiff's car had cleared the intersection. His own testimony shows that he did not see plaintiff's car until the instant of the impact. It was his imposed legal duty to have seen the vehicle, and to have yielded right-of-way. But not having seen the vehicle on the right-of-way street and thrusting his vehicle into the intersection and colliding with plaintiff's vehicle that occupied the favored street, defendant must repair the damage occasioned by his act."

This court had occasion to consider a similar accident in the case of Heartfield et ux. v. Kory, 158 So. 869, 870. In that case, with Judge Taliaferro writing the opinion, we said:

"So far as concerns his responsibility for the accident, it is immaterial whether he stopped or did not stop at the sign on Wilkinson street. If he did stop, as he says he did, and failed to see plaintiffs' car coming to his right, and heedlessly drove into it, he was negligent in doing so, because the day was clear and there was no obstruction to his vision to prevent him from seeing it. If he simply stopped and did not carefully look and listen for traffic on the avenue which would interfere with his safely entering the intersection, the responsibility for the collision would rest primarily on him. So, accepting defendant's own version of the facts as true, he is in the predicament of having observed the 'Stop' sign, and yet did not see or hear plaintiffs' car in plain view. A motorist is not absolved from primary responsibility for intersectional collision between his own car and that of another on a right of way street by simply stopping, on less favored street, in obedience to sign or signal light. He is required to look and listen for traffic to his right and left, and, if he fails to see and hear that which, by ordinary care, he could and should have seen and heard, his negligence is almost as great in that respect as if he had not looked and listened at all. Mrs. Mary Marsiglia v. Mrs. George Toye et al., 158 So. 589, decided by Orleans Court of Appeal, January 21, 1935."

Accordingly, we conclude that defendant, in the case under consideration, did not exercise the ordinary care required of him in proceeding across Jackson street, and that his negligence was the proximate cause of the accident.

With reference to the quantum, we find that the Lincoln car suffered much damage. Its body, which is constructed of sheet aluminum, was twisted, forced out of alignment and broken; the top was torn, fenders bent, lights broken, upholstery torn, paint damaged, cowl and hood damaged; and its running gear, steering gear, and frame were twisted, bent and damaged. Plaintiff is entitled to judgment for an amount sufficient to repair these injuries and make his automobile as good as it was at the time of the collision. Sherwood v. American Railway Express Co., 158 La. 43, 103 So. 436; Croft v. Southern Hardwood Lbr. Co., 7 La.App. 274. And this is so even though at the time of suit the repairs had not been made and the money for same actually paid. Baudine v. Teche Transfer Co., 15 La.App. 90, 130 So. 60.

Several estimates regarding the cost of repairing the Lincoln car were obtained, the lowest being for the sum of $286.50. These were compiled and submitted after

thorough inspections were made of the car. The trial judge accepted and used the lowest estimate as the proper basis for fixing the amount of damages. Inasmuch as there were numerous repairs to be made, and the car being very large and having an aluminum body, the damages awarded do not appear to be excessive or unreasonable; hence, we are unable to say that the judgment is incorrect.

For the reasons assigned, the judgment is affirmed.