## CARKUFF v. GEOPHYSICAL SERVICE, Inc., et al.

### No. 5543.

Court of Appeal of Louisiana. Second Circuit.

Jan. 3, 1938.

Rehearing Denied Jan. 28, 1938.

Bernstein, Clark & Thompson, of Monroe, for appellants.

Theus, Grisham, Davis & Leigh, of Monroe, for appellee.

TALIAFERRO, Judge.

Plaintiff's passenger bus, while being driven by him, was run into by the light tank truck of defendant, Geophysical Service, a New Jersey corporation, then operated by its servant, Travis Berry, in

492

the intersection of North Seventh street and Powell street, a few feet beyond the west corporate line of the city of West Monroe, La. The accident occurred during the afternoon of October 10, 1936, in broad daylight. The east line of North Seventh street is the western boundary of the city of West Monroe. It runs almost due north and south, and is hard surfaced. It is twenty feet wide. Powell street runs east and west. It is a rough dirt road. Plaintiff's bus approached and entered the intersection from the east on Powell street at slow speed. The other vehicle, which for brevity will hereinafter be referred to as the truck or the Berry truck, was traveling southerly on North Seventh street at a rate of speed variously estimated at from twenty-five miles per hour to sixty miles per hour. Plaintiff's bus had pre-empted the intersection at time of the collision. It was struck by the truck on its right (north) side between the front door and the wheel, and was badly damaged. Plaintiff and Berry suffered some bodily injuries. The truck was also seriously damaged.

Plaintiff sues to recover damages caused to him and his bus. He impleads Geophysical Service, Berry, and Travelers Insurance Company, carrier of public liability and property damage insurance on the Berry truck. The negligence attributed to Berry, as operator, alleged to have been the sole and proximate cause of the collision, is: That he was driving the truck at a "highly dangerous, excessive and illegal rate of speed without regard to the presence and safety of others upon the highway"; that he failed to keep a proper lookout for other vehicles, or, "upon observing the presence of your petitioner's bus, he failed to stop the truck or bring it under control so as to avoid striking petitioner." He further avers that his bus could and should have been observed by Berry, had he been keeping a proper lookout, as it crossed North Seventh street, in time to have averted the collision; that the opportunity to so have averted the accident gave Berry the last clear chance to do so, and the failure to avail himself of this opportunity exposes him and the other defendants to liability for the results.

Defendants aver that Berry was operating his truck in a careful and cautious manner as he approached the intersection, and that plaintiff, without stopping or taking any steps or precaution to avoid injury and damage to others, suddenly drove into the intersection and across the path of the Berry truck; that an emergency was thereby suddenly created by plaintiff, and that Berry exerted every effort to avert the impending collision by forcefully applying the brakes, then in efficient working order, and pulling the truck to his right as far as possible. Additional negligence of plaintiff is concisely alleged to be as follows, viz.: " * * * That the collision was not caused by any fault or any want of care of any nature or kind of defendant or its employee, but on the contrary resulted solely, only and proximately by the fault, negligence and carelessness of plaintiff, F. K. Carkuff, in failing to stop before driving his bus from an inferior into a superior highway, in failing to observe the right-of-way, in driving directly into the path of defendant's truck, in failing to keep a proper lookout; and in failing to have his car under proper control."

In the alternative, the contributory negligence of plaintiff, in the respects above recited, is pleaded in bar of recovery by him. Berry and Geophysical Service both reconvened. He sued for damages for physical injuries, etc., sustained by him in the accident; Geophysical Service sues to recover for damages to its truck.

The demands of all parties were rejected. Plaintiff appealed. Defendants Berry and Geophysical Service, answering the appeal, pray for judgment as by them respectively sued for in reconvention.

Over a dozen witnesses who observed the collision, in whole or part, including plaintiff and Berry, gave testimony in the case. We are impressed with the belief that all endeavored to give true versions of the facts of the accident as they saw them. Where variance in this evidence occurs, it is not of the greatest importance. This comment may be truthfully made in but few cases wherein such a number of witnesses have testified. Our labor is materially reduced because of this happy condition.

The Ouachita Valley Fair Association occupies the territory embraced in the southwest triangle formed by the intersection of Powell and North Seventh streets. It is inclosed by a board fence along both streets for a block or two. The fair was in progress the day of the accident. Its main entrance is on North Seventh street, 300 feet south of the intersection. The other three triangles of this intersection are unoccupied and unimproved. To the

north (along North Seventh street) for several hundred yards the land is open. There is nothing to affect the line of vision towards and to the intersection. The same may be said of the area along Powell street easterly for the distance of several blocks.

■■■ Plaintiff owns and operates several busses for passenger traffic. He has had many years' experience as a driver of such vehicles. He was using the damaged bus to transport passengers from the cities of Monroe and West Monroe to the fairgrounds. He had arranged with the fair management to unload these passengers on Powell street, so they could enter the grounds from that side, to avoid the hazard incident to unloading them at or about the main entrance. To do this, it was necessary that he drive his bus entirely across the intersection. He approached the intersection, with some ten passengers aboard, at a speed not exceeding fifteen miles per hour. The street's surface was rough. He observed a carload of negroes traveling north on North Seventh street below Powell street, and slowed down so as not to collide with them, regardless of their movement. That car turned westerly into Powell street. By this time, plaintiff was very close to the intersection. He slowed his bus down again to shift gear, and, without looking to his right at all, drove slowly but heedlessly into the intersection. He was unaware of the close proximity of the Berry truck until it struck the bus. It was not over fifty feet from him when he entered the intersection. Berry and his coworkman, Hunter, testified that their truck was going not over thirty miles per hour. We think they are in error in this estimate, but we do not think the speed excessive or illegal under the circumstances. The street (road) was hard surfaced. It is recognized by common consent as being the favored of the two streets. No specific law has so fixed its superior status. The country was open. There was no traffic in sight closer than that about the fairground's main entrance, 300 feet south, excepting the vehicles involved in the collision. Berry testified that when he first observed the bus, it was 125 feet from the intersection, and his own truck was 240 feet therefrom. He continued to watch the bus until it began to slow down near the intersection. He believed from the bus' movements that it would recognize his superior right on North Seventh street, and therefore, acting upon this assumption, continued to drive towards the intersection without appreciably reducing his rate of travel. He only realized that the bus did not intend to stop when he was 45 feet from the intersection. He instantly applied the service brakes, while Hunter made effective the emergency brakes, and the truck was cut to its right. Skid marks on the hard surface for 35 feet disclose beyond question the effectiveness of the brakes. The impact was at a slight angle. The truck crossed the shallow road ditch and rested, after knocking down a panel or two of the fairground fencing, a distance of 30 feet from point of impact. The tank carried approximately 300 gallons of water. The water's weight to some extent affected the distance within which the truck could be stopped.

Plaintiff's negligence, sufficient to bar recovery, argue defendants, lies in his active violation of that part of rule 11 (a), § 3 of Act No. 21 of 1932, which reads as follows: "When two vehicles approach or enter an intersection at approximately the same time, the driver approaching from the right shall have the right of way."

Opposed to this contention, plaintiff contends that the excessive, illegal, and dangerous speed of the Berry truck, at time of and immediately prior to the accident, strips defendants of the benefits, otherwise due them, of the quoted part of said rule. He supports this position with the second paragraph of the rule, which follows: "The driver of any vehicle traveling in an unlawful, improper, reckless or dangerous rate of speed or manner shall forfeit any right-of-way which he might otherwise have hereunder."

But as we have found and held that the truck's speed was not excessive, unlawful, or reckless, in view of all of the circumstances and physical conditions present, the portion of the rule relied upon by plaintiff lends him no real comfort. Plaintiff was well acquainted with the locus of the accident, and must have known that traffic on North Seventh street was favored over that on Powell street. It was his legal duty to have stopped, looked, and listened before attempting to cross over. Had he done this, he would surely have seen the truck to his right, less than 100 feet away, the accident would not have happened, and this suit would not have arisen. His own movements as he approached the intersection lulled Berry in-

494

to the belief, until too late to avert a collision, that he would not try to negotiate the intersection before complying with traffic rules pertinent to the situation. His actions created an emergency for which the law holds him responsible. Under the facts and circumstances, Berry, as a reasonable man, was warranted in continuing towards the intersection at a rate of speed not unlawful. He had the right of way because of local custom and understanding, and he had the right of way under the first paragraph of said rule 11 (a), quoted above.

■ "One has a right to presume that the other will obey the traffic laws." Arena v. Morris & Co., 14 La.App. 563, 130 So. 565, 566, and cases therein cited. He also has the right to act upon appearances which warrant such a presumption. He has not the right, however, when circumstances and appearances tend to negative an intent on the part of another to observe traffic rules, to blindly rely upon the protective provisions thereof and precipitate an emergency which ordinary prudence would avert. Lake et ux. v. Employers' Liability Assurance Corp., La.App., 152 So. 600. In principle, the present case is not dissimilar to that of Jimes v. Fidelity & Casualty Co., La.App., 163 So. 421. The case of Hill v. Mickel, La.App., 139 So. 672, is practically on all fours with that at bar. We held therein:

"Motorist driving slowly into highway from side road with unobstructed view of rapidly approaching automobile dangerously close to intersection held grossly negligent.

"Where defendant drove car into main highway in view of rapidly approaching car dangerously close to intersection, driver of approaching car held not negligent in attempting to pass in front of defendant's automobile, in view of emergency created."

■ We conclude from the facts of the case, and the law applicable, that plaintiff's own negligence was the proximate cause of the accident. He is therefore responsible to the reconvening defendants for the damages they sustained. We find no merit in the contention that Berry had the last clear chance to avert the collision. The facts, largely undisputed, are opposed to it.

■ The Berry truck was valued at $475 at time of injury. The best offer for it in a trade for a new one was $200. This was accepted. Proof of these facts establishes a loss of $275 by Geophysical Service. This defendant was deprived of the use of a truck for twelve working days. The value of such use is shown to be $10 per day. However, a truck was not leased for that time and, presumably, no effort was made to do so. It could have been repaired, but the time to have done so is not shown. If one had been leased, Berry could not have operated it, as he was disabled for twenty-two days. The general rule is that recovery of damages for temporary deprivation of use of injured motor vehicle is permissible for the period necessary to make repairs. These should be done promptly, of course. Croft v. Southern Hardwood Lumber Co., 7 La.App. 274; Sherwood v. American Ry. Express Co., 158 La. 43, 103 So. 436.

We do not think there should be recovery on this score.

■ Berry was bruised on one side. He spent four days in a sanitarium at an expense of $30, and incurred an additional expense of $18.50 for physician's services. He was confined to his room for four additional days, and was disabled to work for a total of twenty-two days. For two weeks thereafter he felt pain in the injured side. He says his injuries were not serious or permanent. The extent of the pain suffered by him immediately following injury is not shown. We think, on account of the injury and pain, a judgment of $300 adequate, to which will be added $48.50 for sanitarium and physician's bills.

For the reasons herein assigned, the judgment of the lower court, rejecting plaintiff's demands against all defendants, is affirmed; and the judgment rejecting the demands of Travis Berry and Geophysical Service in reconvention is annulled, avoided, and set aside, and there is now judgment in favor of said Travis Berry and against plaintiff, F. K. Carkuff, in the sum of $348.50, with legal interest from judicial demand until paid; and there is now judgment in favor of Geophysical Service and against plaintiff, F. K. Carkuff, in the sum of $275, with legal interest thereon from judicial demand until paid. Plaintiff is cast for all costs.