## HATCH v. BAYOU RAPIDES LUMBER CO. et al.

### No. 6200.

Court of Appeal of Louisiana. Second Circuit.

Jan. 13, 1941.

Polk & Robinson, of Alexandria, for appellant.

Hawthorn, Stafford & Pitts, of Alexandria, for appellees.

TALIAFERRO, Judge.

Plaintiff was seriously injured in a daytime collision between his own truck and one owned by Edgar Laborde, in the intersection of Texas Avenue and Monroe Street in the outskirts of the City of Alexandria, Louisiana, and sues for damages. The Laborde truck was being driven by Willard Humble, an employee of the Bayou Rapides Lumber Company, who was on a mission for that company. This company, a co-partnership, and its component members, Laborde and O. O. Latimer, were impleaded as defendants.

Texas Avenue runs easterly and westerly. Monroe Street runs northerly and southerly. Each is about twenty feet wide between ditches and is surfaced with gravel. The locus of the accident is without the limits of the City of Alexandria. Traffic on neither street, by local regulation, has precedence over traffic on the other.

Plaintiff's truck was traveling easterly on the avenue while the other one was going northerly on Monroe Street. The vehicles collided near the east line of the area embraced within the intersection, approximately midway of the south one-half of the graveled roadway. There is dispute as to the relative positions of the trucks at moment of contact but the record leaves little doubt on the question. The Laborde truck, as it approached the intersection, was traveling near the center of the street and evidently when its opera-

tor discovered the presence of plaintiff's truck near or entering the intersection, veered to his right toward the east side of the intersection. Plaintiff's truck, without altering its course or reducing its speed, proceeded across the intersection and violently ran into the Laborde truck, striking it about the left front wheel and fender. Plaintiff's truck veered easterly on the avenue and traveled aimlessly 150 feet before stopping. The Laborde truck reversed its position and finally rested on the opposite side of the avenue, facing westerly. Both front wheels of this truck collapsed from the impact.

Plaintiff alleges that he was traveling on his side of the avenue at a speed not exceeding 30 miles per hour and had nearly negotiated the intersection, at least had pre-empted it, when the Laborde truck entered thereon at a rapid rate of speed and violently ran into the right side of plaintiff's truck. Responsibility for the accident and its resultants is charged to the negligence and carelessness of the operator of the Laborde truck, in the following particulars, viz.:

1. That he was not keeping a proper lookout, in fact, no lookout whatever.

2. That he heedlessly drove into the intersection at a speed of at least 50 miles per hour when petitioner's truck had already pre-empted it.

3. That he did nothing to avert the impending collision after discovering the presence of plaintiff's truck in the intersection.

Defendants deny all and singular the charges of negligence made against Humble and allege that plaintiff's own negligence and carelessness proximately caused the accident. Amplifying, they aver:

That Humble approached the intersection at a moderate rate of speed and before entering thereon he looked to his right and to his left for traffic on Texas Avenue; that he observed none to his right but did see plaintiff's truck at his left, some distance away; that at first he did not realize the excessive speed at which plaintiff was driving, but did so after he had proceeded a short distance and that there was great danger of a collision; that at that instant he applied his brakes forcefully and cut the truck sharply to his right, and had practically come to a stop in the intersection when plaintiff, still traveling at an excessive rate of speed, ran into him. Summarizing, defendants accredit the collision to plaintiff's negligence in these respects, to-wit:

1. That he approached an intersection of two traveled highways at an unlawful and excessive rate of speed and without maintaining a proper lookout for traffic on the intersecting road;

2. That his brakes were either nonexistent or were so defective as to be impotent to quickly stop his truck;

3. That traffic on neither of said roads or streets enjoys a right-of-way over traffic on the other, but that the motorist entering or approaching the intersection first, under the law, enjoys precedence over traffic approaching on the other street; that their employee approached the intersection first and but for plaintiff's excessive speed would have safely passed over it; that plaintiff on account of said excessive and illegal speed entered the intersection before said employee could clear it and, realizing a collision through plaintiff's fault was imminent, he executed the movements aforesaid in the hope of averting the impending collision.

In the alternative, and employing the above-enumerated acts of negligence on plaintiff's part as a basis therefor, defendants plead that he is barred from recovery because of his own contributory negligence. Defendants prevailed below and plaintiff appealed.

In the original petition, plaintiff alleged that he was driving his truck when the accident happened, but by amendment he avers that his negro man helper was doing the driving. The difference is immaterial to a decision in the case. His truck had a flat, unenclosed body with no cab. A windshield only was mounted above the dash. He could easily view traffic conditions in all directions. This truck, after rebounding from the impact, turned over one or more times, but finally rested on all four wheels, as said before, 150 feet away. Plaintiff's body was found on the road close to the truck, on the driver's side. The negro helper was also found on the road on the opposite side of the truck. Both were unconscious. The negro died soon thereafter from injuries received. Before trial, defendant's employee, Humble, was killed accidentally. Of the three persons involved in the accident, plaintiff alone has lived to testify concerning the same. One other person, living between 200 and 300 feet away saw the trucks at the time of and immediately prior to the collision.

Plaintiff testified that he did not see the Laborde truck until he was about the middle

of the intersection. No reason is assigned for not seeing it sooner. The record does not disclose that there existed any obstruction to vision across the triangle on his right. The locus is sparsely settled. He is positive the Laborde truck ran into the left side of his own vehicle. The physical conditions of each vehicle definitely disprove his testimony on this score. We are also satisfied that he was driving at a speed considerably in excess of 30 miles per hour. The evident force of the impact and the movements of the trucks immediately thereafter speak quite convincingly on the subject. The disinterested eyewitness testified that neither vehicle was traveling at a highly rapid rate of speed. She observed that Humble tried to stop his truck immediately before the collision but was not entirely successful.

Plaintiff bases his hope for recovery entirely upon the assumption that he first pre-empted the intersection and thereby gained preference thereto over traffic approaching on the other street, which right Humble should have respected. We are not convinced that plaintiff entered the intersection first.

█ It is a general rule of traffic law that when two vehicles approach an intersection of streets or roads on neither of which, by local regulation, has traffic a right of way over the other, the vehicle entering first enjoys a superior right over traffic approaching on the other street. But this rule does not imply that a motorist, in such circumstances, may heedlessly and carelessly enter such intersection without due regard for the rights of others, particularly in view of rule 11(a), Sec. 3 of the Act 286 of 1938, which provides: "When two vehicles approach or enter an intersection at approximately the same time, the driver approaching from the right shall have the right of way. The driver of any vehicle traveling in an unlawful, improper, reckless or dangerous rate of speed or manner shall forfeit any right of way which he might otherwise have hereunder."

█ It is the duty of a motorist to approach such an intersection carefully, keeping a lookout to his right and left, and to govern his movements from traffic conditions then and there prevailing. If conditions warrant it, he has the unqualified right to freely enter and cross the intersection. If the view of the motorist is obscured on his right or left, this circumstance demands of him greater caution than would otherwise be required of him. He has not the right to gamble by assuming it safe to cross the intersection when he has not had full opportunity to scan the surroundings. If he does so, and is injured or injures others free of fault, the blame rests solely upon him.

█ Plaintiff has driven motor vehicles for many years, as had Humble. Both are presumed to have known the traffic laws. It does not appear that Humble was driving at an illegal or excessive speed. The right of preference to enter the intersection first, for this reason, was not forfeited by him. We are deprived of his version of the accident because of his death. He may have assumed that it was safe for him to enter the intersection in the exercise of the preference right to which he was entitled under the above-quoted law. If so, failure to safely cross is attributable to plaintiff's excessive speed.

█ As we view the record, the most liberal view to take of it, from plaintiff's standpoint, is that both he and Humble carelessly and negligently approached and entered the intersection without knowledge of the other's presence until too late for either to prevent the collision. In these circumstances plaintiff can not recover. The concurring negligence of both proximately caused the collision.

The facts of this case are quite similar to those in Dow v. Brown et al., 193 So. 239, 241, decided by this court. In that case Dow's position was the same as plaintiff's in the present case. Recovery was disallowed. We said therein:

"We think, in fact are convinced, that this accident occurred because each party assumed he could cross the intersection safely; that is, each took the chance open to him to cross over. This is not an uncommon gamble by motorists. But defendant had the right of way and held it throughout, unless forfeited by him for reasons fixed by law. * * *

"All persons are presumed to know the law. Plaintiff must be held to have known that west bound traffic on Kings Highway at the intersection, has a superior right primarily to enter it, over north bound traffic on the Mansfield Road. This being true, it was his duty to have either stopped at the intersection or to have brought his car under such definite control as to be able to stop it instantly if conditions were such as to require that action. He did not have

the right to heedlessly approach the intersection at a rate of speed so great as to prevent him from stopping before entering it, if such became necessary because of nearby traffic on the right-of-way street. It was negligence on the plaintiff's part to do that which he admits he did."

To support our holdings in that case we cited: Carkuff v. Geophysical Service Inc. et al., La.App., 179 So. 490; Meredith v. Arkansas Louisiana Gas Co., La.App., 185 So. 498.

For the reasons herein assigned, the judgment appealed from is affirmed.