This is a tort action in which the plaintiff sues to recover amount of damages done his automobile in an intersectional collision with the defendant's pick-up delivery truck in the unincorporated village of Cotton *Page 492 
Valley in Webster Parish, Louisiana. The collision occurred about eight o'clock A.M. at the intersection of the paved highway, which crosses easterly and westerly through the northern section of the business district of said village, and the main street thereof, also paved, which runs northerly and southerly.
Plaintiff, accompanied by another man, was driving his automobile easterly on the highway. Defendant's truck at the time was driven by a colored boy, his employee. He was proceeding northerly on the street.
The collision occurred as plaintiff's car cleared or had almost cleared the east one-half of the intersection. His car was struck about the center of his right side. The right door was caved in and the right rear fender crushed. He avers that he saw the truck when it was 225 feet from the intersection. The specific acts of negligence accredited to defendant's driver, alleged as causing the accident, are these:
Careless and reckless driving at a speed in excess of 45 miles per hour; driving with windshield ice-coated; not stopping the truck before entering the intersection after having observed that plaintiff's car had pre-empted same; not maintaining a proper lookout.
The petition was excepted to as disclosing neither a cause nor a right of action. Plaintiff's counsel here complains of adverse ruling on the exceptions.
Defendant denies that the accident to any extent was due to his driver's negligence, and reconvenes for damages to his truck, alleging that the accident resulted exclusively from plaintiff's own negligence and carelessness in these particulars, to-wit:
That plaintiff should have observed the approach of the truck on his right side when it was 300 feet from the intersection, but, whether he did so or not, he, without stopping, looking or listening, heedlessly and carelessly drove into the intersection and across the lane of travel of the truck without reducing his speed or bringing his car under proper control; that as plaintiff entered the intersection he first pulled his car to his left and then to his right and drove forward without giving notice or signal of his intention so to do.
In the alternative, employing the above-named acts of negligence as basis therefor, defendant specially pleads that plaintiff's own contributory negligence bars recovery by him.
The trial judge in written reasons for judgment found and held that defendant's driver was negligent but he did not state in what respects he was negligent. He also found and held that plaintiff was negligent to the degree that recovery by him was thereby barred. There was judgment rejecting the demands of both litigants and casting each for one-half the costs. Plaintiff appealed. Defendant has not answered the appeal and, therefore, his reconventional demand has passed from the case, but not so as regards the exceptions. No answer to an appeal is necessary as a condition precedent to the right to have such exceptions passed upon. Succession of Markham, 180 La. 211-217, 156 So. 225.
In brief, appellee says: "After the case was tried and decided in favor of defendant, we submit that the exception of no cause or right or action, in the light of the facts which came out on the trial, should have been sustained."
As the exceptions were filed in limine and were ruled upon without supporting evidence, their potency, or lack of it, necessarily was determined from the petition's bare allegations. The court obviously reached the conclusion that if the charge of negligence against defendant's driver could be substantiated by testimony, plaintiff would be entitled to recover.
The two most serious charges of negligence against the driver are these:
Operating the truck at an excessive speed when vision through the windshield was so badly obscured by a coat of ice thereon as to make it unsafe and dangerous to do so; and heedlessly driving into the intersection under said conditions, after knowing plaintiff had pre-empted it.
It is true, as argued, that the petition in some respects lacks detail of allegations of fact pertinent to the physical conditions in and about the intersection, and of the accident itself, but as a whole it is not clear that the petition is vulnerable to the exceptions. This being true, doubt and uncertainty will be resolved in favor of the petition's sufficiency; especially should this course be followed since the case has been tried on the merits and may now be finally disposed of. For these reasons the overruling of the exceptions is affirmed.
Plaintiff testified that as he approached the intersection he first observed the truck on his right a distance of 225 feet therefrom, traveling at a speed of between 40 *Page 493 
and 45 miles per hour, at which time he was 83 feet from the intersection; that he did not stop prior to entering the intersection and entered it while going at a speed of from 15 to 20 miles per hour. He gave no reason for not stopping before he attempted to negotiate the intersection. The negro boy testified that he reduced the speed of the truck and put it in second gear to allow a car ahead of him to back into the street and go forward and that when the collision occurred the truck was still in second gear, making a speed of not more than 15 miles per hour. The truck was found to be in this gear by a mechanic immediately after the accident. This boy also testified that he first observed plaintiff's car when it was about one-half a block (150 feet) from the intersection and thought he was going to make a left turn thereat, but that after executing a movement indicative of such intention, he drove directly across the intersection. It was then too late to avert the collision.
As the village of Cotton Valley is unincorporated the general highway traffic laws of the state without modification apply to traffic therein. Under rule 11 (a) Section 3 of Act No. 286 of 1938, defendant's driver had a technical right-of-way over traffic approaching the intersection on his left side, and this right-of-way was secure to him unless by "unlawful, improper, reckless or dangerous rate of speed" he forfeited it. We do not think the record warrants a finding that the speed of the truck was of such character that its right-of-way had been forfeited prior to the accident. It is improbable that the truck was traveling 40 miles per hour. Had it been going at this speed the results of the collision would doubtless have been more serious and the effect of the impact quite different. Plaintiff's light coupe was not turned over but was knocked a few feet from its lane of travel. The truck stopped when and where the collision occurred. If the truck was in second gear at the time of the accident it could not have been traveling at a speed of 40 miles per hour.
As we view the case, it is really unnecessary to decide definitely whether or not the truck's speed at the time of the collision was excessive in order to correctly pass upon plaintiff's demand. His own negligence, as a proximate cause of the collision, stands out so prominently that the truck driver's negligence, if any, ceases to be of importance in determining the merits of plaintiff's demand.
The accident happened in January. The truck's windshield was coated with frost or frozen vapor but the driver testified he could see through it all right. The windshield wiper was in operation. The fact that he drove unerringly up the street and into the intersection on his side of the street strongly supports his testimony as regards ability to see through the windshield. He admits he saw plaintiff's car when it was about 150 feet from the intersection.
It was plaintiff's positive duty, regardless of the truck's speed, to have approached the intersection carefully and cautiously and not have entered therein until and unless traffic conditions on either side clearly warranted such action. He admits he did not stop before attempting to pass over the intersection. He also admits that he saw the truck in plain view on his right, headed for the intersection, yet he attempted to beat it across the same. This was negligence of the grossest sort and inexcusable regardless of the carelessness and imprudence of the other driver.
This case is on all-fours with that of Dow v. Brown, 193 So. 239, 241, decided by this court in November, 1939. Therein we said:
"We think, in fact are convinced, that this accident occurred because each party assumed he could cross the intersection safely; that is, each took the chance open to him to cross over. This is not an uncommon gamble by motorists. But defendant had the right of way and held it throughout, unless forfeited by him for reasons fixed by law.
* * * * *
"All persons are presumed to know the law. Plaintiff must be held to have known that west bound traffic on Kings Highway at the intersection, has a superior right primarily to enter it, over north bound traffic on the Mansfield Road. This being true, it was his duty to have either stopped at the intersection or to have brought his car under such definite control as to be able to stop it instantly if conditions were such as to require that action. He did not have the right to heedlessly approach the intersection at a rate of speed so great as to prevent him from stopping before entering it, if such became necessary because of nearby traffic on the right-of-way *Page 494 
street. It was negligence on the plaintiff's part to do that which he admits he did."
To support these holdings we cited Carkuff v. Geophysical Service, Inc., et al., La.App., 179 So. 490, and Meredith v. Arkansas Louisiana Gas Company, La.App., 185 So. 498. See, also, Driefus v. Levy et al., La.App., 140 So. 259; Johnson et ux. v. Fabacher et al., La.App., 175 So. 129; and Hatch v. Bayou Rapides Lumber Company, La.App., 200 So. 41.
Plaintiff contends that he preempted the intersection first and that the superior right accruing to him because of that pre-emption should have been respected by defendant's driver. This same point was raised in Dow v. Brown, supra, and disposed of by us as follows: "It is also urged that plaintiff first entered the intersection, and that, therefore, the rule of pre-emption applies; that defendant should have respected plaintiff's superior right resulting from prior entry. It may be that plaintiff's car entered the intersection a split second prior to defendant's, but if so, it was at a time and at such speed that made it impossible for defendant to have abstained from entry thereon himself, even though he had observed plaintiff's position and movements. One may not heedlessly rush into an intersection, regardless of traffic conditions thereabout, and then claim the benefits of the pre-emption rule."
The judgment appealed from is affirmed. Costs of appeal are assessed against plaintiff.
DREW, J., recused.