LEROY POWERS, ADMINISTRATOR, ETC., PLAINTIFF-AP-
PELLEE, v. STANDARD OIL COMPANY ET AL., DE-
FENDANTS-APELLANTS.

Argued November 9, 1922—Decided January 9, 1923.

NOTE.—This opinion was overlooked, and should, in regular order, have appeared among the opinions of the Supreme Court decided at the November term, 1922.—REPORTER.

1. The parking of defendant's truck on the wrong side of the street, in violation of the Traffic act, was not the proximate cause of a collision of a child who ran from behind the truck in an attempt to cross the street and collided with an automobile, where the undisputed evidence showed that the stationary truck would have been as great an obstacle to the view of the child and of the driver of the other vehicle if its position had been reversed, so that its parking would have been lawful.

2. In an action for the death of a child brought against the driver of an automobile with which he collided and against the owner and driver of a truck which was illegally parked on the wrong side of the street, the fact that the jury rendered a verdict in favor of the driver of the automobile, upon whatever theory of the facts, cannot operate to establish that the illegal parking of the truck was the proximate cause of the injury.

3. The efficient proximate or intervening cause is the force or operating factor without which the accident could not have happened, and must have been the active, operative and carrying and containing within itself the possibility and potentiality for harm, and an auto truck, stationary on a street, although illegally parked on the wrong side thereof, could not have been the efficient proximate cause of an accident to a child who ran from behind it in front of another automobile, since its presence simply created an added visible obstruction, and imposed upon the child and driver of the automobile the necessity for additional care in the use of the highway.

On appeal from the Essex County Common Pleas Court.

Before Justices BERGEN and MINTURN.

For the appellant, *Collins & Corbin.*

For the respondents, *Kalisch & Kalisch.*

The opinion of the court was delivered by

MINTURN, J. While the Standard Oil Company and its driver, the other defendant, were violating the Traffic act, by parking their large oil-distributing truck on the wrong side of South Twelfth street, in the city of the Newark, the nine-year-old child of the plaintiff ran from behind the truck in an attempt to cross the street, and not perceiving the automobile of Charles McGuire coming up the street, in a northerly direction, ran into its forward mudguard, was injured, and died from the injuries thus sustained. The action was brought to recover damages for the child's loss. McGuire was made a defendant, and the case proceeded to trial against the three defendants. The jury found a verdict in favor of McGuire and against the two appealing defendants. The contention at the trial was, and here is, that a nonsuit or a direction for the defendants should have been granted, because the proximate cause of the damage was the automobile of McGuire, and not the obvious dereliction of the present defendants, in parking the truck upon the wrong side of the street.

The contention of the respondent is that if the truck had not located illegally on that side of the street the child would, undoubtedly, have had a clearer range of vision presented to her, and the collision might thus have been obviated; or that if the truck had stood squarely against the curb line, instead of at an oblique angle thereto, the child might have been able to observe sufficiently down the street to perceive the approaching danger and avoid it. To this dereliction is super-added the fact, that the truck was a high vehicle, and that at the time its rear doors were open, for the purpose of enabling the driver to draw and deliver oil from the truck's tank, and that this fact constituted an added obstruction to the child's range of vision.

The controverted question as to the contributory negligence of the child was properly submitted to the jury, and the only controverted question presented now is whether the conceded dereliction of these defendants constituted the proximate cause of the accident.

It appears from the testimony of McGuire that, even if the position of the truck had been reversed, so as to entitle it legally to park on the side of the street where it was stationed, the same difficulty of an obstructed vision would have been presented. This fact indicates that the position of the truck in any event presented simply a perfectly obvious existing condition, rather than an operating unforseen efficient cause. In such a situation the relative duties of exercising due care in traversing the street were simply accentuated, and resulted in casting upon the driver of a vehicle using the street the requirement of additional caution, and upon the wayfarer in attempting to cross the street a like precaution, and did not *per se* constitute negligence upon the part of the owner of the truck, so as to subject him to liability as an efficient proximate cause. *Winch* v. *Johnson*, 92 *N. J. L.* 219; *Paulsen* v. *Klinge, Id.* 99.

The fact that McGuire was found by the verdict, not guilty of negligence in the operation of his car, does not *per se* impose liability upon the other defendant, unless such defendant can be brought within the legal comprehension of the efficient proximate cause of the accident.

The case was submitted as against McGuire upon the theory that he may have occupied that status. The fact that the verdict was in his favor may be accounted for in the light of the charge of the court, upon the theory that he was not such cause, or that if he were, the child was guilty of contributory negligence in running against the car, with ample opportunity of observing its approach. But whatever factual theory the jury adopted, as a basis for their verdict, cannot operate *per se* to impose liability upon the remaining defendant, unless such liability can be predicated upon the recognized legal principle to which we have adverted.

In *Delaware, Lackawanna and Western Railroad* v. *Salmon*, 39 *N. J. L.* 299, it was stated that "proximate cause connotes not nearness of time or distance, but closeness of casual connection." In such a situation cause necessarily comprehends an efficient operating force or situation, by intervention or otherwise, without which the accident could

not have happened. In this situation the truck was an immobile, inactive instrumentality, incapable in its inactive condition of perpetrating harm or damage. The fact that its reversed situation made its position upon the street at that point a violation of the Traffic law, did not confer upon the truck either activity or force, so as to constitute it an active efficient instrumentality for harm. Its violation of the Traffic law created simply a super-added visible condition upon the street, which was perfectly obvious to the wayfarer, and imposed upon him or her, as a consequence, the necessity for corresponding care or precaution in the use of the highway. For the patent violation of the Traffic law the remedy rested with the constituted municipal authorities, but its actual existence as an obvious fact to be reckoned with could not be ignored by the traveling public, and did not exempt the wayfarer from the exercise of the legal duty of due care under the existing conditions.

In *Menger* v. *Saur*, 55 *N. J. L.* 205, the Court of Errors and Appeals, considering the question of contributory negligence, declared the rule in such a situation to be that, "if the faulty act of the plaintiff simply presents the condition under which the injury was received, and was not in a legal sense a contributory cause thereof, then the sole question will be whether, under the circumstances in which the injury was received, it was due to defendant's negligence."

The efficient proximate or intervening cause in such a situation is tantamount in law to the force or operating factor, without which the accident could not have happened. Such a power must have been active, operative and carrying and containing within itself the possibility and potentiality for harm, as in the famous *Squib Case*, 2 *Bl.* 892; or in the fire cases emanating from the sparks of a locomotive through the mediation of intervening combustible property (*Delaware, Lackawanna and Western Railroad* v. *Salmon, supra*): or the case of a runaway horse which was allowed to remain untied upon the highway, and which ran away and collided with a truck which was engaged in an earnest effort to avoid the runaway, in which this court held the efficient and proba-

ble cause of the damage to be the actual operating illegal force in the first instance of the untied horse, without which the accident would not have occurred, even conceding the ill-advised effort of the colliding truck in its attempt to evade the danger. *Marshall* v. *Suburban Dairy Co.,* 96 *N. J. L.* 81.

So, in *Burton* v. *W. J. Ferry Co.,* 114 *U. S.* 474, where an elderly woman was unable to obtain a seat upon a crowded ferry-boat, which collided with a barge, the court held that the failure of the company to provide her with a seat was not the proximate cause of the injury which she sustained from the collision. Cases might be multiplied in an effort to elucidate the principle, and to emphasize the differentiation, between an immobile, inefficient condition, inocuous in itself as a motive power for harm, and an efficient operating proximate cause, without whose intervention and instrumentality as *sine qua non,* damage was impossible. A comprehensive definition of the term "proximate" is not without its practical difficulties, and an attempt at definition has led to complexities; but the rule finds apt expression in the observation of the Supreme Court of Maine, in *Moulton* v. *Sanford,* 51 *Me.* 134: "Ordinarily, that condition is usually termed the cause, whose share in the matter *is most conspicuous, and is immediately preceding and proximate* to the event."

The determination of the question, says one eminent commentator, is to be based "upon mixed considerations of logic, common sense, justice, policy and precedent." 1 *Str. Leg. Liab.* 110.

In support of the judgment under review, we are referred to *Pyers* v. *Tiers,* 89 *N. J. L.* 520, where this court held a defendant liable where he was engaged in backing an automobile out over a sidewalk, into the street in violation of the provisions of the Traffic act, and without giving any warning signal, and the plaintiff was injured by coming into collision with another motor vehicle, caused by the plaintiff's endeavor to avoid the defendant's illegal and clearly negligent movement. That case, however, rather support the differentiation to which we have adverted, and in essential respects is much like *Marshall* v. *Suburban Dairy Co., ubi supra.*

The differentiating characteristic in both cases as compared with the case at bar is that in the cited cases the culprit was the operating, moving, proximate and efficient cause, in the sense that without the culpability of the illegally moving factor, the accident would not have occurred.

In the case at bar it was unimportant whether the defendant's car rested legally or illegally upon the street, since its obstruction to the vision of the crossing pedestrian, or to the driver of a moving car upon the roadway, would under the testimony be equally effective. In either event its impotence for harm or damage, as an innocuous immobile instrumentality, must be manifest, since in both situations it simply presented a patent condition, and not an operating efficient or proximate cause, which can be said to contain by its activity, that potentiality for harm or damage, which furnishes the test upon which the rule of liability in this character of tort feasance is predicated.

These considerations lead to a reversal of the judgment.