MAY BORONKAY, as Administratrix of the Estate of NICHOLAS BORONKAY, Deceased, Respondent, v. ROBINSON & CARPENTER, Appellant.

Negligence — motor vehicles — traffic law — disregard of statute and ordinance prohibiting vehicles stopping with left side to curb — no breach of duty towards those not within zone of apprehended danger — child on curb caught by hook hanging from left side of starting truck and drawn under wheels — action for death — erroneous charge that finding that driver had violated statute and ordinance would warrant verdict for plaintiff.

1. Disregard of statutory provisions, requiring vehicles to proceed along the right-hand side of the roadway and prohibiting their stopping with their left sides towards the curb, is a breach of duty towards those for whose protection the safeguards have been prescribed, and liability follows where there is a resulting injury, but, even where the statutory command is not obeyed, there is no breach of duty towards those who do not come within the zone of apprehended danger and no liability where the injury is not the result of disobedience of the statute.

2. In an action, therefore, to recover for the death of a child, who, the evidence showed, while standing on the curb, upon the starting of defendant's truck was caught by a hook hanging from its left side,

drawn under the wheels and killed, a charge that the jury might bring in a verdict in favor of plaintiff if it found that the driver had violated the provisions of the General Highway Traffic Law (Cons. Laws, ch. 70, § 15, subd. 6) or similar provisions of city ordinances and that such violation caused the accident, is error.

*Boronkay* v. *Robinson & Carpenter*, 221 App. Div. 813, reversed.

(Argued January 20, 1928; decided February 14, 1928.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered July 8, 1927, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

*Roland Ford* and *Oscar J. Brown* for appellant. It was error for the court to charge that the violation of the General Highway Traffic Law and the ordinance of the city of Ithaca was negligence and evidence of negligence respectively. (*Martin* v. *Herzog*, 228 N. Y. 164; *Williams* v. *Vanderbilt*, 28 N. Y. 217; *Donnelly* v. *Piercy Contr. Co.*, 222 N. Y. 210; *Leeds* v. *N. Y. Tel. Co.*, 178 N. Y. 118; *Story* v. *Mayor*, 29 App. Div. 316; *Di Caprio* v. *N. Y. C. R. R. Co.*, 231 N. Y. 94; *Hyde* v. *McCreery*, 145 App. Div. 729; *Brown* v. *Shyne*, 242 N. Y. 176; *Platz* v. *City of Cohoes*, 89 N. Y. 219; *Saugerties Bank* v. *Delaware & Hudson Co.*, 236 N. Y. 425.) No negligence could be predicated on a violation of section 4 of chapter 6 of the ordinances of the city of Ithaca. (*Wright* v. *Delafield*, 25 N. Y. 266; *Gropp* v. *Great Atlantic & Pacific Tea Co.*, 205 N. Y. 617; *Treadwell* v. *City of Yonkers*, 192 App. Div. 421; *Hoffman* v. *Third Ave. R. R. Co.*, 45 App. Div. 586; *Block* v. *Third Ave. R. R. Co.*, 60 App. Div. 191; *Williams* v. *State of New York*, 106 Misc. Rep. 19; *People* v. *Braun*, 100 Misc. Rep. 343; *People* v. *Quayle*, 122 Misc. Rep. 607.)

*Harold E. Simpson* for respondent. The court properly charged the jury that the violation of the General Highway Traffic Law and the ordinance of the city of Ithaca was *prima facie* negligence and evidence of negligence

respectively. (*Martin* v. *Herzog*, 228 N. Y. 164; *Hartman* v. *Berlin Envelope Co.*, 71 Misc. Rep. 30; 146 App. Div. 926; *Ehrgott* v. *Mayor, etc.*, 96 N. Y. 264; *Amberg* v. *Kinley*, 214 N. Y. 531.)

LEHMAN, J.   The defendant delivered coal at the home of the plaintiff in the city of Ithaca. The defendant's coal truck stopped on the left-hand side of the curb. The driver of the truck with his helper carried the coal in bags to a coal bin in the rear of the house. The plaintiff's son, a boy about four years of age, followed the men back and forth as they carried the bags of coal. When the coal had been delivered the driver started the truck. In some manner the plaintiff's son was thrown under the wheels of the truck and killed. There is evidence that the boy was standing at the curb, and was caught by a hook which was hanging from the truck from a chain upon the side nearest the curb. The plaintiff has recovered a judgment for the damages caused by the child's death.

In spite of denial by the defendant's witnesses that the accident occurred in the manner claimed by the plaintiff, the jury might have found that the defendant's driver was negligent in permitting a chain and hook to hang from the truck in a position in which it might injure others using the street. Perhaps the jury might have found that the driver was negligent in starting the truck without noting where the boy was standing. The complaint predicates liability also upon the defendant's negligence in stopping the truck with its left side to the curb in violation of the provisions of subdivision 6, section 15 of the General Highway Traffic Law (Cons. Laws, ch. 70). The trial judge charged the jury that it might bring in a verdict in favor of the plaintiff if it found that the driver violated the provisions of the Highway Traffic Law or similar provisions of the ordinances of the city of Ithaca and that such violation caused the accident.

Statutes and ordinances which require vehicles to proceed along the right-hand side of the roadway and prohibit vehicles from stopping with their left sides towards the curb of the roadway tend to facilitate the safe passage of persons or vehicles using the roadway. Such statutes and ordinances are intended to create order where disorder might be dangerous. The law prescribes safeguards to protect those who might come within the zone where danger is apprehended. Disregard of the statutory safeguards is a breach of duty, at least towards those for whose protection the safeguards have been prescribed. Liability properly follows where a breach of duty results in injury. (*Martin* v. *Herzog*, 228 N. Y. 164.) Even where a statutory command is not obeyed there is no breach of duty towards those who do not come within the zone of apprehended danger, and no liability where the injury is not the result of disobedience of the statute. (*Di Caprio* v. *N. Y. C. R. R. Co.*, 231 N. Y. 94.)

Here the infant plaintiff stood on the curb. He might be injured by a vehicle passing or stopping at the right-hand side of the roadway, as well as at the left-hand side. The chain and hook happened to be hanging from the left-hand side of the truck. The driver used an entrance to the truck on its right-hand side. If at the moment of the accident the chain had hung from the side of the truck away from the curb, this particular accident would not have occurred; but nothing in the record shows that the position of the chain on that side was in any way connected with the rule of law that vehicles must proceed and stop with their right-hand sides towards the curb. The death of plaintiff's intestate may have been due to negligence on the part of the defendant in failing to observe that the chain was in a position where it might strike a person on the curb, but the rule as to the manner in which vehicles must proceed and stop created no safeguard against such a danger, and disobedience of that rule was not the cause of the plaintiff's intestate's death.

If that was due to any negligence on the part of the defendant it was negligence which had no connection with the duty imposed by statute or ordinance.

The judgments should be reversed and a new trial granted, with costs to abide the event.

CARDOZO, Ch. J., CRANE, ANDREWS, KELLOGG and O'BRIEN, JJ., concur; POUND, J., not sitting.

Judgments reversed.