In the Matter of the Estate of SHIRLEY O. LAING, a Minor.

Surrogate's Court, Westchester County, January 25, 1938.

*Gerald Donovan* [*Robert W. Crawford* of counsel], for the Westchester Trust Company, as general guardian.

*Dorothea Genzlinger*, for Ethel M. Laing, general guardian.

*Louis E. Cooper*, special guardian.

MILLARD, S. Objections to the account of the Westchester Trust Company, as general guardian of this minor, have been filed by her special guardian. The facts have been stipulated.

The objections, as originally interposed, are: *First*, to the purchase of a first mortgage participation certificate No. 7019 in bond and mortgage No. 9,169, made by John Rogers and wife covering property known as 232–234 Woodworth avenue, Yonkers, N. Y., and a first mortgage on said property held by the Westchester Trust Company, the amount of the certificate being in the sum of $3,400; and, *second*, participation certificate No. 7014 in bond and mortgage No. 10,155, made by Sidonia Maret, covering property known as 622 Valley avenue, Yonkers, N. Y., and a first mortgage on said property held by Westchester Trust Company, the amount of the certificate being in the sum of $800.

The first objection has been withdrawn by the special guardian so that we are now concerned only with the second objection, namely, certificate No. 7014, in the sum of $800, participating in the mortgage covering the Maret property.

The special guardian specifically objects to the account upon the grounds that the said guardian was negligent, improvident, imprudent and wholly fa led to protect and promote the interests of its ward in that, at the time the said certificate was purchased by the general guardian, the mortgage in which this certificate participated was not a legal investment due to the financially unhealthy condition of the real property securing the bond and mortgage.

It appears from the stipulated state of facts submitted to the court that the Maret mortgage loan was made by Westchester Trust Company on August 16, 1927, in the sum of $5,500, with interest at six per cent per annum, and having a provision therein for the amortization of the principal at the rate of $100 per year, payable semiannually, said mortgage to become due and payable on August 16, 1930. At the time this mortgage was placed, the appraisers for the Westchester Trust Company appraised the Maret property at $9,000. There was no subsequent appraisal. The certificate in question was purchased by the general guardian on August 7, 1931, at which time the principal amount of the mortgage was $5,200, it being open of record. Taxes for the years 1930 and 1931 were unpaid at the time of the purchase of this certificate, and the amortization installments remained unpaid since

June, 1930. The owner of the property, Sidonia Maret, the obligor on the bond, died intestate on January 5, 1929, leaving no estate of value excepting her equity, if any, in the property now under consideration.

For administration purposes, said property in 1929 was appraised at $8,000, but, for the years 1929 through 1932, said property was assessed by the city of Yonkers for tax purposes in the sum of $5,200. All of the taxes in arrears were paid subsequent to the purchase of the certificates, the last installment having been paid on September 10, 1932, more than one year after the purchase. Subsequent to January 1, 1932, taxes and penalties accrued until, on May 22, 1936, the sum of $642.11 was due, upon which date the Home Owners' Loan Corporation placed a first mortgage upon said property in the sum of $3,200.

The accounting general guardian, as a complete answer to the charges of the special guardian, urges that the certificate in question was a legal investment when made, the payment of taxes some thirteen months subsequent to the purchase of the certificate having cured any possible defect, and relies on *Matter of Adriance* (145 Misc. 345) in support of this contention.

The court is not in accord with this view of the matter, as this case may very easily be distinguished. In *Matter of Adriance* the trustees invested funds in bonds upon the representations of a salesman of a bond and mortgage company that they were secured by a mortgage covering a twenty-four-story building. It subsequently developed that no such building was in existence at the time of this purchase, but a building was completed some time after the purchase of the bonds, and the court stated the question as follows: " Unquestionably, were an attempt to be made to realize upon these securities at this time, the trust would suffer a substantial loss, and the chief question at issue is whether the admitted fact that the investment as originally made by the trustees was not one authorized by the statutes of the State of New York, is, in and of itself, sufficient to warrant their surcharge by a sum which would be required to bring this portion of the trust fund up to its original value."

The court then goes on to base its decision upon the principle enunciated in the case of *Boronkay* v. *Robinson & Carpenter* (247 N. Y. 365), in which case the court said (at p. 368): " Even where a statutory command is not obeyed there is   *   *   *   no liability where the injury is not the result of disobedience of the statute."

The question here is vastly different. In the *Adriance* case it was conceded, for the purpose of the record, that the building had been completed after the purchase of the bonds and, as completed,

was sufficient security to support a legal investment. In other words, had the building been completed in accordance with the representations made by the salesman at the time of the purchase of the bonds, no complaint could have been leveled against the trustees as to their selection of an investment. No such concession can be made, however, in the case at bar.

The mere payment of taxes in arrears some thirteen months subsequent to the purchase of this certificate did not cure the patent defects of the investment present at the time when it was made. Although it has been held that a corporate fiduciary may purchase its own securities (*Matter of Flint*, 266 N. Y. 607), such a trustee is not thereby absolved from using a high degree of care in selecting these investments. It would seem, from the very fact that such a corporate fiduciary is investing in its own securities, that even a much higher degree of care and business prudence should be exacted than ordinarily would be the case. (*Matter of Young*, 249 App. Div. 495; *Matter of Poillon*, 163 Misc. 897.) In the latter case the court said: " It does not follow that the mere removal of the particular incumbrance furnishes in every case a complete answer to a charge of negligence in the making of the investment." And, again: " The inquiry which should have been made would have disclosed the tax default and would have caused a vigilant trustee to reject the investment or to make further inquiry respecting the capacity of the building to earn and to pay taxes and interest thenceforward."

There is nothing in the record in this matter to excuse or offset the negligence and lack of good business judgment on the part of the general guardian in purchasing for the account of a trust estate the certificate in question. The general guardian, Westchester Trust Company, is, therefore, surcharged in the sum of $581.25, with interest from May 22, 1936. The facts, however, do not warrant the denial of legal commissions.

Enter decree, on notice, accordingly.