This damage suit results from the attempt of defendant, A.S. Jordy, to back his automobile into another and to push that other a short distance backwards in an effort to extricate his own from the position in which it was parked at the curb.
During the early afternoon of October 28, 1941, Jordy parked his automobile with its left side along the curb on the lower side of Iberville Street a short distance from the corner of Royal Street and near the rear entrance of a large restaurant, grocery and provision store located on that corner. He left it there for a short time and, during his absence, Mrs. Edward H. LeBlanc arrived in her husband's car and parked it alongside the same curb, immediately in the rear of Jordy's car. Mrs. LeBlanc then entered a nearby establishment and, shortly thereafter, returned to her car. With her was a friend with whom she conversed for a few moments while standing alongside the LeBlanc car. Then Mrs. LeBlanc opened the left front door of her automobile and stood for an instant with that door extending over the curb on one side of her and with a porch support of another building on her other side.
Just at that moment Jordy, who had returned to his car and had taken his seat at the wheel, backed his car into the LeBlanc car and pushed it a short distance to the rear. He did this in order that he might obtain in front of him sufficient space to permit him to drive his car forward and to turn it to its right into the open part of the street.
As the LeBlanc car was moved backwards, Mrs. LeBlanc was caught between the open front door and the porch support, and she sustained injuries. The car door also was slightly damaged.
Mrs. LeBlanc seeks judgment against Jordy in the sum of $280 and Mr. LeBlanc prays for judgment for $20, alleging that the damage to the car amounted to $6, and that he was required to expend $14 for medical services rendered to his wife.
There was judgment for Mrs. LeBlanc for $100 and for Mr. LeBlanc for $20. Jordy has appealed. Both Mr. and Mrs. LeBlanc have answered the appeal but they do not complain about the judgment in favor of Mr. LeBlanc — that judgment was for the full amount prayed for — and they have asked that the judgment in favor of Mrs. LeBlanc be increased to $280.00, as originally prayed for.
It is contended that defendant's negligence consisted in his attempt to back his car and to push the LeBlanc car backwards, without first making certain that it was safe to do so, and that had he looked he would have noticed Mrs. LeBlanc, and would have seen that her car door was open and that she was about to enter it.
Jordy maintains that he did all that prudence required when he looked into the "rear view" mirror of his car and saw nothing to indicate that anyone or anything might be injured by a backward movement of the two cars, and that he was not required to look out of his window to see whether anyone was in a dangerous *Page 66 
position on the curb. He also contends that, if he was negligent in any respect, the true cause of the accident was the contributory negligence of Mrs. LeBlanc in parking the LeBlanc car in a "no parking" zone and in attempting to enter the car or to reach into it to blow its horn when he, Jordy, had already started his car backwards.
The evidence shows beyond any possible doubt that when Mr. Jordy started his car backwards, Mrs. LeBlanc had already opened the door of her car and was already within the arc of the circle made by the outer edge of that door, and the evidence also convinces us that there was nothing that Mrs. LeBlanc could have done to avoid the injury, and that she was not negligent in not realizing that Mr. Jordy was about to commence the dangerous maneuver which resulted in the accident. We thus conclude that Mrs. LeBlanc was not in any way guilty of negligence herself.
The evidence also shows — what Jordy admits — that he did not turn his head or look backwards or out of the window but contented himself with gazing into the "rear view" mirror. It is obvious that through this mirror he could see only what was directly behind the rear glass of the car and could not notice anyone standing, as Mrs. LeBlanc was, on the curb, and could not see that the door of the LeBlanc car was open. Had he actually turned his head to look to the rear, he could easily have seen both Mrs. LeBlanc and the open door, and he would not then have backed his car. He was negligent.
It is true that it is not necessarily negligence to back an automobile. Huddy Cyclopedia of Automobile Law, 9 Ed. Vol. 3-4, p. 218, Sec. 133. Hahn v. P. Graham Co. Inc., 148 La. 55, 86 So. 651. And while we have been shown no authorities in point, we are convinced that it is not necessarily negligence to push backwards another car, if that movement is necessary to extricate the forward car. But it is equally true that a backward movement, and particularly such a maneuver as that which Jordy executed, is a dangerous one and should not be undertaken until safety has been made reasonably certain. While in Hahn v. P. Graham Co., Inc., supra, the Supreme Court held that there was no liability, it recognized the necessity that in such a dangerous movement as the backing of a motor vehicle "extra precautions should be taken by the driver * * *."
As to the charge that Mrs. LeBlanc was negligent in that she parked her car in a "no parking" zone, we do not see that this, even if true, had any causal connection with the ensuing accident since Jordy knew that the LeBlanc car was immediately back of his car and was not misled by a reliance on the belief that because of the law no other car could be parked there. But whether it was in a closed or in an open zone, there is no evidence in the record to justify the conclusion that the LeBlanc car was parked illegally. Mrs. LeBlanc states that it was originally in a proper zone and that it was pushed into the other zone by the Jordy car.
When we come to consider whether the amounts allowed are correct, we notice that though Mr. LeBlanc has offered evidence showing the medical expenses to have been $14.00, he has offered no proof whatever in support of his claim for $6.00 for damage to his automobile. He has not repaired this damage. He has testified that it was very slight and was sustained by the left front door. Of course, the fact that he did not repair it would not deprive him of the right to recover on that item had he introduced evidence showing what would have been the cost of making the repairs. In a syllabus written by the Court in Bianchi v. Mussachi, 1 La.App. 291, it is said that:
"It is not necessary that a plaintiff should have had the repairs made, or, being made, should have paid for them; the damage done to his auto constitutes his cause of action."
See, also, Folse v. Flynn, La.App., 200 So. 160, Dixon v. Futch, La.App., 166 So. 205, Motor Sales Service v. Grasselli Chemical Co., 15 La.App. 353, 131 So. 623, and Hays v. Brantley, 13 La.App. 219, 127 So. 5. But he has offered no evidence whatever to show what this cost would have been, and therefore cannot be allowed to recover on that item.
The evidence concerning the injuries to Mrs. LeBlanc shows that fortunately they were very slight. She was incapacitated for several days and forced to remain at her home. Her physician thought that there might have been internal injuries and therefore required that X-ray photographs be taken. That evidence *Page 67 
does not justify an increase in the amount allowed her. But in view of the fact that she was incapacitated for sometime, we think, that the amount awarded her, $100, is not excessive.
It is therefore ordered, adjudged and decreed that the judgment in so far as it runs in favor of Mr. Edward H. LeBlanc be, and it is amended by the reduction thereof to $14, and as thus amended, affirmed, and it is further ordered, adjudged and decreed that the judgment in favor of Mrs. LeBlanc be, and it is, affirmed, defendant to pay all costs.
Amended in part and affirmed.