## CONN v. HILLARD et al.

### No. 1077.

Municipal Court of Appeals for the
District of Columbia.

Argued June 26, 1951.

Decided July 17, 1951.

Joseph Sitnick, Washington, with whom Milton Conn, Washington, was on the brief, for appellant.

J. Louis O'Connor, Washington, for appellees. Francis J. Kelly, Washington, also entered an appearance for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.
This case has to do with the relative rights of automobile owners when one of

their cars was parked, in violation of traffic regulations, behind and so close to the other car that the driver of the latter had insufficient room to move his car and therefore repeatedly and forcefully backed into the other car in order to move it. The front grill of the struck car was damaged to the extent of $81.15 and its owner sued for that amount. The trial court held he was not entitled to recover and he appeals.[1]

Plaintiff, owner of the damaged automobile, conceded at the trial that he had violated two traffic regulations: first, in that he had parked nine inches behind defendant's automobile (the traffic regulations require a minimum of three feet); and, second, in that he had parked too close to the corner (the traffic regulations prohibit parking within forty feet of the intersection of the curb lines of intersecting streets.) There was a yellow marking just behind the rear of defendant's automobile indicating that no car could be parked legally between that point and the corner. Plaintiff testified that when he parked defendant had about three feet of clearance in front.

Defendant testified that when he parked his car no other automobile was behind him but that when he came to move later he found plaintiff's automobile parked with its front bumper touching his rear bumper and that there was no open space in front of his automobile; that he thereupon spent about ten minutes looking for a policeman but was unable to find one; that he then backed his automobile into plaintiff's, pushing it back several feet; that in so doing he locked a part of his car's rear bumper into the front of plaintiff's automobile; and that thereafter with some help he unlocked bumpers and drove away.

(It will be noted that defendant did not testify as to the relative positions of his car and the car in front of him when he parked, but only that when he returned to his car there was no open space in front of it. There was no evidence as to the makes, models, or sizes of the cars or whether the windows of plaintiff's car were shut or the doors locked.)

A witness for plaintiff, who was in a neighboring building, testified that his attention had been attracted by the noise of defendant's automobile being driven against plaintiff's and that defendant had repeated this backing against the other car several times.

■ The trial judge gave no reason for his finding, but it is clear that he could not have exonerated the driver of the striking car (defendant) unless he found that the negligence of the owner of the parked car (plaintiff) was either the sole or contributory cause of the damage. In determining the correctness of that finding we must, since the trial judge decided for defendant, resolve all actual conflicts in the evidence in the latter's favor. We note, however, that there was no denial of the evidence that defendant's car was not merely pushed against plaintiff's automobile but was backed into it several times with sufficient force to cause a loud noise and to do considerable damage. The physical facts clearly sustain at least the effect of this testimony.

■ That violation of a traffic regulation *may* be the proximate cause of damage to another automobile is too well established to require extended discussion. It has been so held when a key was left in an automobile on public property, and the automobile was stolen and injured a third person as a result of the negligent driving of the stolen car.[2] We can also

---

1. In the bill of particulars plaintiff alleged the other automobile was owned by Agnus M. Hillard and driven by Clifton Stromberg. The statement of proceedings and evidence, however, makes no mention of Agnus M. Hillard, refers to no proof of the ownership of the automobile by that person, and refers throughout to only one defendant, the driver of the car. Therefore, even assuming that Agnus M. Hillard was the owner of this car, there is no basis in the evidence for a judgment against that person, and we proceeded on the assumption that Clifton Stromberg, driver of the car, is the only defendant concerned.

2. Ross v. Hartman, 78 U.S.App.D.C. 217, 139 F.2d 14, 158 A.L.R. 1370, certiorari

conceive of cases where the violation of parking regulations such as those involved here may be the proximate cause of damage and thus be actionable or form the basis of the defense of contributory negligence.

■■ But under the law of negligence, the most generally accepted theory of causation is that of natural and probable consequences; the rule being that, in order to recover for an injury alleged to have resulted from the negligence of another, or in order that defendant, in an action for such an injury, may set up a negligent act of the plaintiff as a bar, the injury must be the natural and probable consequence of the negligence, or as otherwise stated, the wrong and the resulting damage must be known by common experience to be naturally and usually in sequence—the damage, according to the usual course of events, must follow from the wrong.[3] The test is whether ordinary prudence would have suggested to the negligent person that his act or omission would probably result in injury.[4]

A distinction is well recognized between a cause of an accident and a condition. Thus an event may be one without which a particular injury would not have occurred; yet if it was merely the condition or occasion affording opportunity for the other event to produce the injury, it is not the proximate cause thereof.[5]

■ Applying these general principles to the present case, it seems clear that the negligence of plaintiff was not a proximate cause of the damage to his car. Even conceding that plaintiff, when he parked his car behind and too close to defendant's car should have realized that defendant would take some steps to extricate his automobile, we believe he was not called upon to anticipate that defendant would repeatedly back into his car with such force as was actually used. We think common experience that motorists, faced with defendant's predicament, take steps considerably short of the amount of force exerted here.

A closely analogous situation exists with relation to the abatement of a nuisance. A person is privileged intentionally to intermeddle with chattels in the possession of another for the purpose of abating a private nuisance created or maintained by the possessor if such intermeddling is a reasonable means of abating the nuisance and if the possessor of the chattel, upon demand, has failed to abate the nuisance or the actor reasonably believes that such demand is impractical or useless. The nuisance, inter alia, may interfere unreasonably with the actor's privileged use of a public highway. But the actor must behave reasonably; otherwise he is liable for the slightest unnecessary harm to the chattel caused by his dealing therewith.[6]

The Restatement of Torts[7] illustrates the above-mentioned rule by the following example: "A parks his car on a highway at a point which completely obstructs B's egress from his land onto the street. B carefully pushes A's car out of the way. In so doing, a tire is accidently punctured. B is not liable to A for the harm done to the tire."

■ It seems clear that a contrary rule should be followed when the one whose way is impeded does not act carefully and when the damage done is not accident-

denied 321 U.S. 790, 64 S.Ct. 790, 88 L. Ed. 1080; Bullock v. Dahlstrom, D.C. Mun.App., 46 A.2d 370. See Schaff v. R. W. Claxton, Inc., 79 U.S.App.D.C. 207, 144 F.2d 532, certiorari denied 335 U.S. 871, 69 S.Ct. 168, 93 L.Ed. 415; R. W. Claxton, Inc. v. Schaff, 83 U.S.App.D.C. 271, 169 F.2d 303.

3. 2 Blashfield, Cyclopedia of Automobile Law, p. 1189 (1927); see Boronkay v. Robinson & Carpenter, 247 N.Y. 365, 160 N.E. 400.

4. Ibid.

5. 2 Blashfield, Cyclopedia of Automobile Law, p. 1194 (1927); Powers v. Standard Oil Co., 98 N.J.L. 730, 119 A. 273, affirmed 98 N.J.L. 893, 121 A. 926; Denson v. McDonald Bros., 144 Minn. 252, 175 N.W. 108.

6. 1 Restatement, Torts, § 264 (1934).

7. Ibid.

al but is the natural result of undue force, or at least of carelessness. At the most, defendant in the present case would have suffered only inconvenience or the slight delay resulting from a telephone call to the police to remove plaintiff's illegally parked car. In such a situation we do not believe that he was entitled to use the amount of force which he obviously did use in order to cause more than $80 worth of damage to plaintiff's car. Motorists who park too close to other automobiles in violation of the traffic regulation do so at the risk of having their own car damaged accidentally during efforts of the owner of the car which is hemmed in to extricate himself, but the victim of such a situation must show care in efforts to move the other car and is not entitled to use the amount of force applied in the present case.[8]

Reversed with instructions to enter judgment for plaintiff against defendant Clifton Stromberg only in the amount claimed.

HOOD, Associate Judge (dissenting).

I am not at all sure that the trial court found, or was required to find, that the defendant was negligent in backing his car against plaintiff's car in an effort to get enough room to pull away from the curb. However, assuming that the court did so find, it did not find that defendant intentionally damaged plaintiff's car.

Plaintiff without justification or excuse deliberately parked his car in an unlawful manner for his own personal convenience, and I think the trial court was justified in finding as a fact that this act was negligence and was a contributing cause of the damage. Aside from negligence, I think the trial court could have denied plaintiff a recovery on the ground of assumption of risk. Plaintiff's own testimony was that he parked nine inches behind defendant's car after noting that there was about three feet of clearance in front of defendant's car. He evidently thought defendant had enough room to get out and assumed that such effort would be made. He knew that in making such effort defendant's car might and probably would be backed against his car. He voluntarily created the situation which brought about the damage.

It seems to me that the effect of the court's opinion is that plaintiff assumed the risk of some damage to his car by the use of some force but did not assume the risk of this much damage by this much force. If plaintiff's freedom from fault and right to recover are to depend on how much force was used and how much damage was done, then the question is one of fact for the trial court and not of law for this court. However, except when damage is intentionally caused, I think the amount of force and amount of damage are relevant only on the question of defendant's negligence. Plaintiff's negligence, or assumption of risk, is to be determined by his acts and the situation he created.

Contributory negligence and assumption of risk are closely related. Weber v. Eaton, 82 U.S.App.D.C. 66, 160 F.2d 577. I think the trial court's finding can be supported on either ground and the judgment should be affirmed.

8. Le Blanc v. Jordy, La.App., 10 So.2d 64.