**Jerome Edgar MOORE, Appellant,**

**v.**

**Boykin STONE, Appellee.**

**No. 3690.**

District of Columbia Court of Appeals.

Argued April 19, 1965.

Decided July 21, 1965.

---

Darryl Wyland, Washington, D. C., for appellant.

Stanley A. First, Washington, D. C., for appellee. Franklyn Yasmer, Washington, D. C., also entered an appearance for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge:

Plaintiff-appellee brought this action for damages arising from an automobile accident. At the close of appellee's case, the defendant-appellant moved for a directed verdict on the ground that the evidence showed appellee to have been guilty of negligence as a matter of law. The motion was overruled, and the case ultimately submitted to the jury, which returned a verdict for the appellee. This appeal is from the judgment entered upon that verdict.

The evidence relevant to appellant's argument established the following: Appellee, travelling south on Benning Road with the intention of making a left turn, brought his car to a stop at a point which, in his judgment, represented the middle of the intersection of Benning Road and H Street, there being no center line visible on the pavement. Several northbound cars passed appellee without swerving or otherwise changing course to get by him, but the last car in line, operated by appellant, struck appellee's automobile, causing the damage complained of.

A police officer, called as a witnesss by appellee, testified that in his opinion, based upon his investigation of the accident, the point of impact occurred some two feet from the center line, on appellant's side of the road. That testimony, according to appellant, established appellee's violation of four District of Columbia Traffic Regulations, and his negligence as a matter of law.

We agree that appellee's apparent intrusion into appellant's half of the roadway in the instant situation would appear to constitute at least a technical violation of District Traffic Regulations,[1] and therefore negligence per se. Rogers v. Cox, D.C. Mun.App., 75 A.2d 776 (1950). However, as this court said in White v. Corbett, D. C.Mun.App., 51 A.2d 676, 677 (1947), "while such a violation constitutes negligence per se, in order that it may be available as a defense it must further be shown that it was a proximate cause of the accident or contributed to it."

Whether appellee's negligence contributed to the accident, instead of merely presenting a condition or occasion affording the opportunity for collision,[2] ordinarily presents a question for the trier of fact. In the case before us, the jury necessarily found that appellee's negligence, if any, did not contribute to the accident so as to bar his claim.[3] The record provides no basis for disturbing that finding.

Affirmed.

1. See Traffic and Motor Vehicle Regulations of the District of Columbia, §§ 25(a), 36, 39(a), 47(a).

2. See Conn v. Hillard, D.C.Mun.App., 82 A.2d 368, 25 A.L.R.2d 1220 (1951).

3. The instructions to the jury are not included in the record and no claim of error is made with respect to them. We must assume that the jury was properly instructed on all issues.