**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3375-22

SONIA COLON and LUIS REINOSO,

      Plaintiffs-Respondents,

v.

DELAWARE RIVER PORT AUTHORITY
and PORT AUTHORITY TRANSIT
CORPORATION, a/k/a PATCO,

      Defendants-Appellants,

and

AP CONSTRUCTION, INC.,

      Defendant,

and

AE STONE, INC. and S. BATATA
CONSTRUCTION, INC.,

      Defendants-Respondents,

and

DELAWARE RIVER PORT AUTHORITY
and PORT AUTHORITY TRANSIT

CORPORATION, a/k/a PATCO,

       Defendants/Third-Party
       Plaintiffs-Appellants,

v.

AE STONE, INC.,

       Third-Party Defendant/Fourth-
       Party Plaintiff-Respondent,

v.

S. BATATA CONSTRUCTION, INC.,

       Fourth-Party Defendant-Respondent.
_____

> Argued September 18, 2024 – Decided August 8, 2025
>
> Before Judges DeAlmeida and Puglisi.
>
> On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-4463-19.
>
> Shawn C. Huber argued the cause for appellants (Brown & Connery, LLP, attorneys; Shawn C. Huber, Joseph T. Carney and Gina Roswell, on the briefs).
>
> Brian S. Chacker (Gay & Chacker, PC) argued the cause for respondents Sonia Colon and Luis Reinoso.
>
> James J. Law (Dengler & Lipski) argued the cause for respondent AE Stone, Inc.

2

A-3375-22

Virginia Hughes argued the cause for respondent S. Batata Construction, Inc. (Zirulnik, Demille & Vilachá, attorneys; Virginia Hughes, on the brief).

PER CURIAM

Defendants/third-party plaintiffs Delaware River Port Authority (DRPA) and Port Authority Transit Corporation a/k/a PATCO (PATCO) (collectively, defendants) appeal from four pretrial Law Division orders, a judgment memorializing an approximately $1.7 million jury verdict in favor of plaintiffs Sonia Colon and Luis Reinoso, and an order denying their motion for a new trial in this negligence action arising from a trip and fall.

Defendants appeal: (1) the October 22, 2021 order granting summary judgment to third-party defendant/fourth-party plaintiff AE Stone, Inc. (AE Stone); (2) the October 22, 2021 order granting summary judgment to fourth-party defendant S. Batata Construction, Inc. (Batata); (3) the March 20, 2023 order denying their motion to preclude the testimony of plaintiffs' medical cost projection expert; (4) the March 20, 2023 order denying their motion to exclude lay opinion testimony regarding the condition of the sidewalk where Colon fell and the cause of that condition; (5) the March 31, 2023 judgment memorializing the verdict; and (6) the June 9, 2023 order denying their motion for a new trial.

A-3375-22

We affirm both October 22, 2021 orders and reverse the March 20, 2023 order admitting portions of a witness's deposition testimony containing his lay opinion with respect to the condition of the sidewalk where Colon fell and the cause of that condition. Because the lay opinion testimony had the significant potential to taint the verdict, we vacate the March 31, 2023 judgment and remand for a new trial. In light of those decisions, we need not address the remaining orders on appeal.

I.

In November 2019, plaintiffs filed a complaint against defendants and AP Construction, Inc. (AP Construction) alleging Colon fractured her wrist and suffered other injuries on May 30, 2018, when she tripped and fell on a sidewalk at the Collingswood PATCO speed line train station. Plaintiffs alleged DRPA, which owned the sidewalk, and PATCO and AP Construction, which maintained the sidewalk, negligently allowed two slabs of the sidewalk to become uneven, which created a dangerous condition that caused Colon to fall. Reinoso, Colon's spouse, alleged loss of consortium.

Defendants filed an answer and cross-claim against AP Construction. They alleged if plaintiffs' allegations were true, AP Construction's negligence when it constructed or repaired the sidewalk resulted in the uneven surface that

caused Colon's fall. Thus, defendants alleged AP Construction was either liable for Colon's injuries or, as a joint tortfeasor, required to contribute to or indemnify defendants for any damages awarded against them.

Defendants also filed a third-party complaint against AE Stone. They alleged that in December 2013 they executed a contract with AE Stone to repair the sidewalks at the Collingswood PATCO station. Defendants alleged if plaintiffs' allegations were true, AE Stone's negligence resulted in the uneven sidewalk that caused Colon's fall, rendering AE Stone liable for her injuries. Defendants also alleged breach of contract by AE Stone and sought defense and indemnification from AE Stone.

AE Stone filed an answer and fourth-party complaint against Batata, the subcontractor AE Stone retained to complete the concrete work, including sidewalk repairs, required by its December 2013 contract with defendants. AE Stone alleged if plaintiffs' allegations were true, Batata's negligence resulted in the uneven sidewalk that caused Colon's fall. AE Stone sought contribution and indemnification from Batata for any damages awarded against AE Stone.

A-3375-22

Plaintiffs subsequently filed an amended complaint alleging negligence claims directly against AE Stone and Batata. Plaintiffs alleged all defendants were jointly and severally liable for their damages.[1]

Discovery revealed that in 2014, Batata, acting as a subcontractor for AE Stone, installed one sidewalk slab between two existing sidewalk slabs at the location where Colon fell. Defendants inspected and accepted Batata's installation of the sidewalk slab. AE Stone contracted with a third party to inspect Batata's sidewalk installation. When Colon tripped and fell, a difference in height of approximately three-quarters of an inch had developed between the sidewalk slab installed by Batata and the existing adjacent sidewalk slab.

Adam Jacurak, a professional engineer and, at various times, director of track and facilities for PATCO and manager for construction and maintenance at DRPA, was produced for a deposition as a representative for defendants. Jacurak was not named as an expert witness, did not inspect the sidewalk, and did not produce an expert report. Jacurak reviewed photographs of the sidewalk where Colon fell. He opined, based on his experience, that a difference in height of a half-inch or more between sidewalk slabs was a tripping hazard and the

---

[1] On January 28, 2021, the claims against AP Construction were dismissed without prejudice.

A-3375-22

sunken sidewalk slab was likely caused by settlement of the slab after installation. Jacurak opined a sidewalk slab settlement significant enough to create a tripping hazard does not normally occur when the slab was properly installed. He acknowledged, however, it was possible the existing sidewalk slab adjacent to the slab installed by Batata heaved upward and caused the difference in height between the slabs. In addition, Jacurak testified a sinking slab could be caused by a leaking water pipe in the area of the sidewalk, causing erosion of the soil below the slab.

Following discovery, Batata moved for summary judgment, arguing there was no evidence it either failed to adhere to applicable construction standards when it installed the sidewalk slab or such a failure, if it occurred, was a proximate cause of Colon's fall. AE Stone subsequently cross-moved for summary judgment raising the same arguments. Defendants opposed the motions, arguing Jacurak's deposition testimony created an issue of fact for the jury to resolve with respect to whether Batata's negligent installation of the sidewalk slab caused a tripping hazard and whether that hazard was the proximate cause of Colon's fall.

On October 22, 2021, the motion court issued an oral decision granting AE Stone's and Batata's motions. The court found Jacurak's testimony contained

7

inadmissible lay opinions with respect to the likely cause of and danger posed by the difference in height between the sidewalk slabs. In addition, the motion court concluded even if Jacurak's testimony was considered to be that of an expert, he offered an inadmissible net opinion of the likely cause of, and danger posed by, the tripping hazard. This is so, the court concluded, because Jacurak did not visit the site of the fall, inspect the sidewalk or ground conditions, or undertake any testing of the subsurface beneath the sidewalk slab Batata installed. The court found Jacurak identified no evidence, such as negligent soil compaction, to support his opinion and failed to identify engineering standards or other standards of care he believed Batata negligently failed to follow when installing the sidewalk slab.

The motion court entered two October 22, 2021 orders granting summary judgment in favor of AE Stone and Batata, respectively, on all claims asserted against them.

Defendants thereafter filed two motions in limine. First, defendants moved to preclude plaintiffs from offering, through introduction of Jacurak's deposition testimony, his lay opinion concerning the cause of the height differential between the sidewalk slabs, whether Batata departed from construction standards when it installed one of the slabs, or whether the height

differential was an unreasonably hazardous and/or dangerous condition on defendants' property.[2] Defendants argued Jacurak could not offer either lay opinion or expert testimony on those topics. In addition, defendants argued plaintiffs could not establish their negligence claim without expert opinion testimony establishing a breach of duty by defendants.

On March 20, 2023, the court denied the motion in an oral decision. The court's reasoning is difficult to discern because oral argument on the motion devolved into a line-by-line review of Jacurak's deposition transcript. Although the court expressed concern about Jacurak offering opinion testimony, it ultimately allowed Jacurak's opinions to be read to the jury. At trial, the court stated:

> Jacurak is going to testify per – per the deposition and – and say a lot of things that (indiscernible) kind of limit some of the areas that . . . I think are maybe beyond the scope of what he should be testifying to. But I think we're clear on what those areas are. But so, you know . . . we're going to . . . permit that.

A March 20, 2023 order memorialized the motion court's decision and listed the lines of Jacurak's deposition that could be read to the jury.

---

[2] Jacurak was unable to appear at trial.

9

At trial, several passages of Jacurak's deposition testimony concerning defendants' practices with respect to inspecting sidewalks for hazards were read to the jury. In addition, portions of Jacurak's testimony the motion court found to be inadmissible lay opinion or inadmissible net expert opinion were read to the jury.[3] Jacurak's testimony that "normally . . . when sidewalks are properly installed you will not get large settlements, you get negligible settlement between the two" slabs was read to the jury. In addition, his testimony that the sidewalk slab installed by Batata had "a large settlement" between it and the existing sidewalk slab and, as a result, "should have been ripped out and redone" was read to the jury.

Second, defendants moved to preclude testimony of plaintiffs' proposed medical cost projection expert, Linda Lajterman. Lajterman, a nurse, issued a report projecting the future medical care and treatment Colon would need as a result of the injuries she sustained in the fall. The report detailed the medical records, standards of care, treatment patterns, treatment data, clinical practice guidelines, and other materials on which Lajterman relied. Lajterman described the likely long-term consequences of Colon's injuries and opined as to the cost

---

[3] The judge who presided at trial was not the judge who decided the summary judgment motions.

A-3375-22

of the treatments she is likely to require. Defendants argued Lajterman's opinion was an inadmissible net opinion.

On March 20, 2023, the court issued an oral opinion denying the motion, finding Lajterman adequately described the basis of her opinion. A March 20, 2023 order memorialized the motion court's decision.

The matter was tried to a jury over four days. The jury returned a verdict in plaintiffs' favor attributing 100 percent of liability to defendants. The jury awarded Colon $1.25 million, inclusive of $500,000 in pain and suffering and $750,000 in future medical expenses. The jury awarded Reinoso $300,000. A March 31, 2023 judgment memorialized the verdict, including interest.

Defendants thereafter moved for a new trial based on comments made by plaintiffs' counsel in his closing statement and the trial court's decision to preclude a proposed witness who intended to testify about the absence of complaints to defendants about the condition of the sidewalk. On June 9, 2023, the court issued an oral decision denying the motion. A June 9, 2023 order memorialized the court's decision. This appeal followed.

With respect to the two October 21, 2022 orders, defendants argue the motion court erred when it: (1) sua sponte raised the issue of whether Jacurak offered expert testimony; (2) did not issue sufficient findings of fact and

conclusions of law as required by Rule 1:7-4; (3) incorrectly concluded Jacurak offered a net expert opinion when he offered either fact testimony or an admissible lay opinion; and (4) failed to address defendants' breach of contract claims against AE Stone and contribution and indemnification claims against AE Stone and Batata.

With respect to the two March 20, 2023 orders, defendants argue the trial court erred: (1) when it permitted the jury to hear Jacurak's lay opinion and net expert opinion with respect to the cause of and hazard posed by the height differential between the two sidewalk slabs; and (2) when it concluded Lajterman's opinion was not a net opinion.

Defendants also argue the verdict is excessive and against the weight of the evidence. Finally, defendants argue the trial court erred when it denied their motion for a new trial and in its calculation of prejudgment interest.

II.

A.  October 22, 2021 orders granting summary judgment to
    AE Stone and Batata.

We review a grant of summary judgment de novo, applying the same standard as the motion court. Samolyk v. Berthe, 251 N.J. 73, 78 (2022). That standard requires us to "determine whether 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any,

show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'" Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (quoting R. 4:46-2(c)). "Summary judgment should be granted . . . 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). We do not defer to the motion court's legal analysis or statutory interpretation. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018); Perez v. Zagami, LLC, 218 N.J. 202, 209 (2014).

Self-serving assertions that are unsupported by evidence are insufficient to create a genuine issue of material fact. Miller v. Bank of Am. Home Loan Servicing, L.P., 439 N.J. Super. 540, 551 (App. Div. 2015). "Competent opposition requires 'competent evidential material' beyond mere 'speculation' and 'fanciful arguments.'" Hoffman v. Asseenontv.Com, Inc., 404 N.J. Super. 415, 426 (App. Div. 2009). We review the record "based on our consideration of the evidence in the light most favorable to the parties opposing summary judgment." Brill v. Guardian Life Ins. Co., 142 N.J. 520, 523-24 (1995).

We begin with defendants' argument the motion court failed to make sufficient findings of fact and conclusions of law when it granted summary judgment to AE Stone and Batata. Rule 1:7-4(a) states a motion court "shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right . . . ." The October 22, 2021 orders were not appealable as of right.

Under Rule 2:2-3(a)(1), an appeal as of right may be taken to this court only from a "final judgment" of the trial court, subject to exceptions not applicable here. "To be a final judgment, an order generally must 'dispose of all claims against all parties.'" Janicky v. Point Bay Fuel, Inc., 396 N.J. Super. 545, 549-50 (App. Div. 2007) (quoting S.N. Golden Estates, Inc. v. Cont'l Cas. Co., 317 N.J. Super. 82, 87 (App. Div. 1998)). The October 21, 2022 orders resolve only the claims against AE Stone and Batata and not plaintiffs' claims against defendants.

Even though Rule 1:7-4(a) does not apply, precedents interpreting it guide our analysis of whether the motion court sufficiently explained the basis for its decision to grant summary judgment. "[A]n articulation of reasons is essential to the fair resolution of a case." Schwarz v. Schwarz, 328 N.J. Super. 275, 282

14

(App. Div. 2000).  Effective appellate review of a motion court's decision requires examination of the basis for a motion court's decision.  See Raspantini v. Arocho, 364 N.J. Super. 528, 533-34 (App. Div. 2003).

We are satisfied the motion court adequately explained the reasons it granted summary judgment to AE Stone and Batata.  The court found defendants did not raise a disputed issue of material fact with respect to whether any conduct by AE Stone or Batata caused the height differential between the two sidewalk slabs plaintiffs alleged caused Colon to fall.  In reaching that decision, the motion court found defendants' attempt to rely on Jacurak's testimony to establish Batata's negligence was insufficient to survive summary judgment because his opinion testimony was inadmissible.

"To sustain a cause of action for negligence, a plaintiff must establish four elements:  '(1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages.'"  Townsend v. Pierre, 221 N.J. 36, 51 (2015) (quoting Polzo v. Cnty. of Essex, 196 N.J. 569, 584 (2008)).  "Proximate cause connotes not nearness of time or distance, but closeness of causal connection."  Cruz-Mendez v. ISU/Ins. Servs. of S.F., 156 N.J. 556, 577 (1999) (quoting Powers v. Standard Oil Co., 98 N.J.L. 730, 732 (Sup. Ct. 1923)).  "[T]o be a proximate cause . . . conduct need only be a cause which sets off a foreseeable sequence of

consequences, unbroken by any superseding cause, and which is a substantial factor in producing the particular injury." Showalter v. Barilari, Inc., 312 N.J. Super. 494, 503 (App. Div. 1998) (alterations in original) (quoting Yun v. Ford Motor Co., 276 N.J. Super. 142, 159 (App. Div. 1994) (Baime, J.A.D., concurring and dissenting)).

In opposition to the summary judgment motions, defendants argued AE Stone and Batata breached a duty of care to plaintiffs when Batata negligently installed one of the sidewalk slabs in 2014. However, the motion court found to establish such a breach of duty it was necessary to produce expert testimony that the 2014 installation of the sidewalk slab was negligent and the negligent installation caused movement in the sidewalk that created the height differential plaintiffs identify as the cause of Colon's fall.

Defendants relied on Jacurak's opinion that the tripping hazard was caused by Batata's improper installation of the sidewalk slab. Defendants did not identify Jacurak as an expert, or request the court qualify him to give expert testimony. Jacurak did not produce an expert report, and he did not identify any evidence or relevant construction standards supporting his opinion. The record establishes Jacurak gave a lay opinion about the cause of the height differential between sidewalk slabs.

16

N.J.R.E. 701 provides:

> If a witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences may be admitted if it:
>
> (a) is rationally based on the witness' perception; and
>
> (b) will assist in understanding the witness' testimony or determining a fact in issue.

A witness may give a lay opinion that "falls within the narrow bounds of testimony that is based on the perception of the witness and that will assist the jury in performing its function." State v. Singh, 245 N.J. 1, 14 (2021) (quoting State v. McLean, 205 N.J. 438, 456 (2011)).

Perception is based on the acquisition of knowledge through one's sense of touch, taste, sight, smell, or hearing. McLean, 205 N.J. at 457. Lay opinion testimony must "assist the trier of fact either by helping to explain the witness's testimony or by shedding light on the determination of a disputed factual issue." Singh, 245 N.J. at 15 (quoting McLean, 205 N.J. at 458). A lay witness may not give opinion testimony on a matter "as to which the jury is as competent as [the witness] to form a conclusion . . . ." McLean, 205 N.J. at 459 (quoting Brindley v. Firemen's Ins. Co., 35 N.J. Super. 1, 8 (App. Div. 1955) (second alteration in original)).

A-3375-22

The admissibility of opinion evidence rests within the discretion of the trial court. Townsend, 221 N.J. at 52. We will not reverse a decision with respect to the admissibility of lay opinion testimony unless it "was so wide of the mark that a manifest denial of justice resulted." Singh, 245 N.J. at 13 (quoting State v. Brown, 170 N.J. 138, 147 (2001)).

We see no basis on which to disturb the motion court's determination Jacurak, in effect, did not offer a lay opinion based on his perceptions, but an inadmissible expert opinion with respect to the cause of the tripping hazard. Jacurak's testimony was not based on his perception of Batata's installation of the sidewalk or the condition of the sidewalk at the time of Colon's fall. At best, Jacurak offered an opinion based on his perception of the photographs of the sidewalk slab. Based only on his viewing of the photographs, Jacurak offered an opinion of what caused what he perceived in the photographs. As the motion court concluded, that testimony was outside the permissible bounds for an admissible lay opinion.

In addition, to the extent the motion court considered Jacurak's testimony as expert testimony, we agree he offered an inadmissible net opinion. N.J.R.E. 703 addresses the foundation for expert testimony. Townsend, 221 N.J. at 53. "[A]n expert's opinion must be based on 'facts, data, or another expert's opinion,

18

either perceived by or made known to the expert, at or before trial.'" Carbis Sales, Inc. v. Eisenberg, 397 N.J. Super. 64, 78-79 (App. Div. 2007) (quoting Rosenberg v. Tavorath, 352 N.J. Super. 385, 401 (App. Div. 2002)). "[A] trial court may not rely on expert testimony that lacks an appropriate factual foundation and fails to establish the existence of any standard about which the expert testified." Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 373 (2011). "Under the 'net opinion' rule, an opinion lacking in such foundation and consisting of 'bare conclusions, unsupported by factual evidence' is inadmissible." Carbis Sales, 397 N.J. Super. at 79 (quoting Johnson v. Salem Corp., 97 N.J. 78, 91 (1984)).

Jacurak opined Batata's improper installation of the sidewalk slab caused the slab to settle and created the height differential between the slab and the adjoining sidewalk slab. As the motion court found, Jacurak offered no support for that opinion other than his experience. He identified no evidence establishing how Batata installed the sidewalk slab or what aspect of the installation deviated from acceptable construction standards.

Jacurak also acknowledged bulging of the existing slab was a possible cause of the tripping hazard. He did not, however, explain the basis on which he discounted bulging as the cause of Colon's fall. Jacurak did not inspect the

19

sidewalk, the conditions in which it existed, or the ground on which it was installed. He did not write a report explaining the basis for his opinion. As the motion court found, Jacurak offered a classic net opinion on the cause of the height differential between the sidewalk slabs.

We also are not persuaded the motion court erred when it entered summary judgment in favor of AE Stone and Batata on defendants' breach of contract, contribution, and indemnification claims. Defendants' opposition to the summary judgment motions, while briefly mentioning their contract, contribution, and indemnification claims, did not identify any support for those claims. Defendants did not identify the contractual provisions they allege AE Stone breached. Nor did they provide legal or factual support for their claim they are entitled to contribution and indemnification from AE Stone and Batata. To the extent defendants' contribution claim is based on an allegation AE Stone and Batata are joint tortfeasors, such a claim was effectively nullified by the motion court's grant of summary judgment to AE Stone and Batata on all negligence claims alleged against them.

B.    March 20, 2023 order denying defendants' motion to preclude Jacurak's opinion testimony.

We agree the trial court erred when it permitted the jury to hear portions of Jacurak's deposition testimony conveying his opinion of the cause of, and

20

hazard posed by, the height differential between the two sidewalk slabs and suggesting defendants were negligent for not removing and replacing the slab installed by Batata.

When deciding the summary judgment motions, the court concluded Jacurak's opinion testimony was inadmissible, either as lay opinion or net expert opinion. That decision formed the basis for the orders granting summary judgment to AE Stone and Batata because the motion court found defendants could not prove negligence in the installation of the sidewalk slab in 2014 without expert testimony.

Yet, the same testimony was admitted at trial against defendants to establish their negligence by not properly inspecting the slab upon installation or ordering its destruction and reinstallation when the tripping hazard developed. In light of its relevance to the critical issue at trial – defendants' negligence – and the absence of other expert testimony with respect to the installation and inspection of the sidewalk slab, we agree the admission of Jacurak's opinion testimony warrants reversal of the March 31, 2023 judgment.

Evidence was submitted to the jury that Jacurak was an engineer and a representative of defendants. His opinion that the height differential between the sidewalk slab likely was caused by negligent installation of the sidewalk

slab, posed a tripping hazard, and that the sidewalk slab should have been removed and replaced by defendants had the strong potential to influence the jury's determination defendants' negligence was the proximate cause of Colon's fall. That testimony was inadmissible either as lay opinion or net expert opinion. Reversal of the verdict is warranted.

In light of our decisions, we need not address the remaining orders on appeal.

The October 22, 2021 orders are affirmed. The March 20, 2023 order denying defendants' motion to preclude portions of Jacurak's deposition containing opinion testimony is reversed. The March 31, 2023 judgment is vacated and the matter is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

22                                    A-3375-22